CYNTHIA M. KAU, Plaintiff-Appellee *v*. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation, Defendant-Appellant

NO. 5829

MAY 19, 1977

RICHARDSON, C.J., OGATA, MENOR AND KIDWELL, JJ., AND CIRCUIT JUDGE LUM IN PLACE OF KOBAYASHI, J., DISQUALIFIED

*Per Curiam.*   This is an appeal from an order granting the plaintiff's motion for partial summary judgment.

Plaintiff-appellee Cynthia M. Kau was involved in a motor vehicle accident in the City and County of Honolulu on January 28, 1973. She was then residing with her parents, Harry K. F. Kau and Leimomi C. Kau. She was driving a 1966 Volkswagen, owned by and registered in the name of her mother, Leimomi C. Kau. The driver of the other vehicle was one Roger A. Sundby, whose negligence was the proximate cause of the collision and the resulting injuries to Miss Kau. Neither he nor the vehicle he was operating was insured.

At the time of the accident, Harry K. F. Kau owned a 1971 Dodge Dart automobile which was registered in his name. He

had in effect at the time an insurance policy issued to him by defendant-appellant State Farm Mutual Automobile Insurance Company. The declarations page of the policy listed Mr. Kau as the "named insured" and the Dodge automobile as a "described motor vehicle." The insurance policy did not list the Volkswagen, which was involved in the collision, as a "described motor vehicle."

It is conceded by State Farm that Miss Kau was an "insured," with respect to uninsured motorist coverage, under the terms of her father's insurance policy. It denies liability to Miss Kau, however, on the strength of the following exclusionary clause in the policy:

> "This [uninsured motorist] insurance does not apply: . . . (b) To bodily injury to an insured while occupying . . . a land motor vehicle owned by the named insured or any resident of the same household, if such vehicle is not an owned motor vehicle. . . ."

An "owned motor vehicle" is defined in the policy as "the motor vehicle or trailer described in the declarations, and includes a temporary substitute automobile, a newly acquired automobile. . . ." The Volkswagen automobile did not come within this definition.

The basic issue for determination, therefore, is whether the foregoing exclusionary clause is violative of the provisions of the uninsured motorist statute (HRS § 431-448), which provides as follows:

> "No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle, shall be [issued], with respect to any motor vehicle registered . . . in this State, unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in section 287-7, . . . for the protection of persons insured thereunder who are legally

entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom. . . ."

The statute must be liberally construed to accomplish its remedial purposes and to give effect to the legislative intent. *Palisbo v. Hawaiian Ins. & Guaranty Co.*, 57 Haw. 10, 547 P.2d 1350 (1976). A literal reading of the statute leaves no room for the exclusion which appellant attempted to write into its policy. This is consistent with the intent evidenced by the legislative history:

> "An insurance company offering uninsured motorist protection engages to pay to the insured, spouse or minor children of either, resident in the named insured's household, sums not to exceed the stated limits, for any uncollectible valid claim or unsatisfied judgment for damages resulting from bodily injury or death, resulting from the ownership, maintenance or use of an automobile. The claim becomes payable when the innocent victim shows that his claim is valid, that is, that there is legal liability on the person alleged to be responsible and that the claim cannot be collected because of the financial irresponsibility of that person or because of the inability to identify the person or persons responsible." Stand. Com. Rep. No. 194, 1965 House Journal, at 582.

The effect of the exclusionary clause is to deny Miss Kau the full protection of the statute. *Stephens v. State Farm Mutual Automobile Ins. Co.*, 508 F.2d 1363 (5th Cir. 1975); *State Farm Automobile Ins. Co. v. Reaves*, 292 Ala. 218, 292 So.2d 95 (1974); *Bell v. State Farm Mutual Automobile Ins. Co.*, 207 S.E.2d 147 (W. Va. 1974); *Nygaard v. State Farm Mutual Automobile Ins. Co.*, 301 Minn. 10, 221 N.W.2d 151 (1974); *cf. Walton v. State Farm Auto Ins.*, 55 Haw. 326, 518 P.2d 1399 (1974). Accordingly, we hold that the clause limiting the insurance company's liability is repugnant to the statute and is therefore void. HRS § 431-448.

52 .

Affirmed.[1]

*James Kawashima (Kobayashi, Koshiba, & Watanabe,* of counsel) for defendant-appellant.

*Steven H. Levinson (Schutter & Levinson,* of counsel) for plaintiff-appellee.

---

[1] Had the plaintiff-appellee been a passenger in an uninsured or underinsured motor vehicle owned by a party not a member of the Kau household, she would have been covered by her father's uninsured motorist policy. See Palisbo v. Hawaiian Ins. and Guaranty Co., supra. Or had she been driving an automobile not owned by a member of the Kau household, she would still have been covered by her father's policy. See State Farm Automobile Ins. Co. v. Reaves, supra. It would be anomalous, and certainly inconsistent with the legislative intent, to hold that in those situations the statute would allow recovery but in the present situation it would not.