#26158-a-DG

**2012 S.D. 34**

IN THE SUPREME COURT

OF THE

STATE OF SOUTH DAKOTA

\* \* \* \*

In the Matter of the Estate of
BLAIR MARTIN HAMILTON, a/k/a
Blair M. Hamilton, Deceased.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT
HARDING COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE JOHN W. BASTIAN
Judge

\* \* \* \*

McLEAN A. THOMPSON
RICHARD D. CASEY of
Lynn, Jackson, Shultz & Lebrun, P.C.
Sioux Falls, South Dakota

Attorneys for appellant
Lyndon Hart.


DWIGHT A. GUBBRUD of
Bennett, Main & Gubbrud, P.C.
Belle Fourche, South Dakota

Attorneys for appellee Estate.

\* \* \* \*

ARGUED MARCH 21, 2012

OPINION FILED **05/02/12**

#26158

GILBERTSON, Chief Justice

[¶1.]     Lyndon Hart appeals an order denying his petition to extend time to file a creditor's claim against the Estate of Blair Hamilton.

**FACTS & PROCEDURAL HISTORY**

[¶2.]     On the night of October 10, 2009, Blair Hamilton was drinking in his home with his friend Lyndon Hart and another person. Hamilton put a gun to his head in a simulated game of Russian roulette and accidentally killed himself. Hart witnessed Hamilton's death. Hamilton owned a large ranch in Harding County, South Dakota. Hart lived on the ranch in separate housing and worked for Hamilton.

[¶3.]     Hart alleges that he was diagnosed with post-traumatic stress disorder in February 2011 from witnessing this event. Hart consulted with an attorney. On May 12, 2011, an intern in the attorney's office sent a letter to the attorney for Hamilton's estate ("the Estate"), requesting information about the Estate and the incident in order to assess a potential claim against the Estate.[1] The personal representative filed a verified statement for informal closing of the Estate on June

---

1.    The substance of the letter queried: "We are looking into a potential claim against the Estate of Blair Hamilton. We would greatly appreciate any information you are willing to give us regarding the estate, specifically the incident report from Blair's death and any information relating to any liability insurance Blair may have had."

-1-

2, 2011. Counsel for the Estate responded to Hart's attorney on June 3, 2011, that all claims against the Estate were barred under SDCL 29A-3-803.[2]

[¶4.] In August 2011, Hart filed a petition to extend time to file a creditor's claim against the Estate under SDCL 29A-3-804(c). Specifically, Hart wanted to file an "unliquidated claim against the Estate of Blair Hamilton for the negligent and intentional infliction of emotional distress caused by the actions of Blair Hamilton on the night of October [10], 2009." After a hearing, the circuit court denied the petition.[3] Hart appeals the denial.

[¶5.] After appellate briefing, the Estate submitted a motion to dismiss and a supplemental brief asserting that the Court lacks jurisdiction under *Estate of Geier*, 2012 S.D. 2, 809 N.W.2d 355. The Estate argues that *Geier* requires service of notice of appeal on all heirs and because not all heirs were served in this case, service was not completed. Hart served his notice of appeal only on the Estate's attorney. Hart argues *Geier* does not apply because he has not been permitted to file a claim against the Estate. Further, Hart argues that under SDCL 29A-3-804(a)(1) and (2), he is not required to serve notice of appeal on all heirs.

[¶6.] On appeal, we address the following issues:

1. Whether all required parties were served with notice of appeal.

2. Whether the circuit court erred in denying Hart's motion to extend time to file a creditor's claim.

---

2. The Estate published notice to creditors under SDCL 29A-3-801(a) for three successive and consecutive weeks beginning January 28, 2010, and ending February 11, 2010.

3. A transcript of this hearing was not provided as part of the appellate record.

## STANDARD OF REVIEW

[¶7.]     In cases of statutory construction:

> Questions of law such as statutory interpretation are reviewed by the Court de novo. . . . The purpose of statutory construction is to discover the true intention of the law which is to be ascertained primarily from the language expressed in the statute. The intent of a statute is determined from what the legislature said, rather than what the courts think it should have said, and the court must confine itself to the language used. Words and phrases in a statute must be given their plain meaning and effect. When the language in a statute is clear, certain and unambiguous, there is no reason for construction, and the Court's only function is to declare the meaning of the statute as clearly expressed. Since statutes must be construed according to their intent, the intent must be determined from the statute as a whole, as well as enactments relating to the same subject. But, in construing statutes together it is presumed that the legislature did not intend an absurd or unreasonable result. . . .

*Martinmaas v. Engelmann*, 2000 S.D. 85, ¶ 49, 612 N.W.2d 600, 611.

## ANALYSIS

[¶8.]     **1.    Whether all required parties were served with notice of appeal.**

[¶9.]     After appellate briefing, the Estate filed a motion to dismiss the appeal. The Estate alleges that Hart failed to serve his notice of appeal on all of Hamilton's heirs. Hart only served notice on counsel for the Estate.

[¶10.]    The Estate relies on *Geier*, 2012 S.D. 2, 809 N.W.2d 355, decided on January 11, 2012. In *Geier*, the appellant was an heir who petitioned the probate court for supervised administration of the estate and removal of the personal representative. The circuit court denied appellant's petition. The appellant served notice of appeal only on the estate. This Court held: "Under SDCL 15-26A-4(3),

notice of appeal must be served on the heirs. Because failure to serve notice of appeal to all parties is jurisdictionally fatal, this appeal must be dismissed." *Id.* ¶ 23, 809 N.W.2d at 361. SDCL 15-26A-4(3) provides in pertinent part: "The appellant, or his or her counsel, shall serve the notice of appeal and docketing statement on counsel of record of each party other than appellant, or, if a party is not represented by counsel, on the party at his or her last known address."

[¶11.] The appellant in *Geier* made the petition as an heir and as a party to the probate proceedings. Here, Hart petitioned to file a claim as a creditor of the Estate. Hart is in a different position than the appellant in *Geier*. As a potential creditor, Hart's petition is controlled by SDCL 29A-3-804(a)(1), which provides in part: "Claims against a decedent's estate may be presented by either of the following methods . . . [t]he claimant may deliver or mail to the personal representative a written statement of the claim . . . ." A personal representative addresses claims made against an estate without notifying all heirs regarding every claim. In this case, no claim was filed, and Hart appealed from the denial of a petition to extend time. The personal representative was the only party that needed to be notified of an appeal.

[¶12.] "[T]he rules of statutory construction dictate that 'statutes of specific application take precedence over statutes of general application.'" *Schafer v. Deuel Cnty. Bd. of Comm'rs*, 2006 S.D. 106, ¶ 10, 725 N.W.2d 241, 245 (quoting *Coop. Agronomy Servs. v. S.D. Dep't of Revenue*, 2003 S.D. 104, ¶ 19, 668 N.W.2d 718, 723). SDCL 29A-1-401 is a general provision governing notice in estate litigation. SDCL 29A-1-401(a) provides:

If notice of a hearing on any petition is required and *except for specific notice requirements as otherwise provided*, the petitioner shall cause notice of the time and place of hearing of any petition, together with a copy of the petition, to be given to any interested person or the person's attorney if the person has appeared by attorney or requested that notice be sent to an attorney.

(Emphasis added.)  Neither SDCL 29A-1-401(a) nor SDCL 15-26A-4(3) applies because SDCL 29A-3-804 is more specific in this instance.  Even if those statutes did apply, who would be an "interested person" is not the same in every proceeding. *See Estate of Flaws*, 2012 S.D. 3, ¶ 11, ___ N.W.2d ___.  SDCL 29A-1-201(23) defines "interested person" to include:

heirs, devisees, children, spouses, creditors, beneficiaries, and any others having a property right in or claim against a trust estate or the estate of a decedent, minor, or protected person.  It also includes persons having priority for appointment as personal representative, and other fiduciaries representing interested persons.  *The meaning as it relates to particular persons may vary from time to time and must be determined according to the particular purposes of, and matter involved in, any proceeding.*

(Emphasis added.)  Moreover, "the law on service of the notice of appeal requires service on 'each' party, not just 'adverse' parties . . . ." *Flaws*, 2012 S.D. 3, ¶ 11, ___ N.W.2d at ___.  In this case, the heirs are not parties in a creditor's claim against an estate.  Accordingly, the Estate's motion to dismiss for failure to serve notice of appeal on all the heirs is denied.

[¶13.] **2.     Whether the circuit court erred in denying Hart's motion to extend time to file a creditor's claim.**

[¶14.]     Hart wants to present a claim against the Estate based on Hamilton's actions on October 10, 2009.  Possibly relying on the Estate's response to its inquiry

#26158

that all claims were barred by SDCL 29A-3-803, no claim was presented or filed.

Instead, Hart petitioned the circuit court to extend time to file a creditor's claim

under SDCL 29A-3-804(c). SDCL 29A-3-804(c) provides:

> No proceeding to obtain payment of a claim *presented under subsection (a)(1)* may be commenced more than sixty days after the personal representative has mailed or delivered a notice of disallowance; but, in the case of *a claim* which is not presently due or which is contingent or unliquidated, the personal representative may consent to an extension of the sixty-day period, *or to avoid injustice the court, on petition, may order an extension of the sixty-day period*, but in no event may an extension be granted beyond the applicable statute of limitations.

(Emphasis added.) The court held a hearing and denied the petition by order. No

findings of fact, conclusions of law, or memorandum decision were filed.

[¶15.]     The problem presented in this appeal is that no claim has ever been

presented. By its plain language, SDCL 29A-3-804(c) only applies to claims that

have been presented in a manner described by SDCL 29A-3-804(a)(1)[4] or are "not

---

4.     SDCL 29A-3-804(a)(1) provides:
       The claimant may deliver or mail to the personal representative a written statement of the claim indicating its basis, the name and address of the claimant, and the amount claimed, or may file a written statement of the claim, in the form prescribed by rule, with the clerk of the court and mail or deliver a copy thereof to the personal representative. The claim is deemed presented on the first to occur of receipt of the written statement of claim by the personal representative, or the filing of the claim with the clerk of court. If a claim is not yet due, the date when it will become due shall be stated. If the claim is contingent or unliquidated, the nature of the uncertainty shall be stated. If the claim is secured, the nature of the security shall be described. Failure to describe correctly the nature of the security or uncertainty, or the due date of a claim not yet due does not invalidate the presentation[.]

presently due or [are] contingent or unliquidated." The statute is clear: "to avoid injustice the court, on petition, may order *an extension of the sixty-day period . . . .*" (Emphasis added.) There is no sixty-day period to extend in this case. Therefore, a petition to extend time to present a claim cannot be granted under SDCL 29A-3-804(c).[5] "SDCL 29A-3-804(c) only applies when a creditor has *not* yet filed a petition for allowance of a claim *after the personal representative has issued a notice of disallowance.*" *In re Estate of Ginsbach*, 2008 S.D. 91, ¶ 15, 757 N.W.2d 65, 69 (emphasis added); *see also Matter of Oney's Estate*, 624 P.2d 1037, 1040 (N.M. Ct. App. 1981) ("Section 45-3-804(C) . . . deals with a time for bringing suit to collect a timely presented claim that had been denied. Section 45-3-804(C) . . . does not deal with the time limits for presenting claims . . . and does not authorize the trial court to extend the time limits of § 45-3-803.").

[¶16.]	SDCL 29A-3-803 is a nonclaim statute, and sets limitations on presentation of claims. We identify Hart's argument that SDCL 29A-3-803 cannot control the potential claim because South Dakota does not have a provision controlling claims that "arose at or after death."[6] However, based on this record,

_____

5.	Hart does not argue that the letter from the intern qualifies as a "claim."

6.	SDCL 29A-3-803 provides in part:
	(a) All claims against a decedent's estate which arose *before the death of the decedent . . .* whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, if not barred earlier by another statute of limitations or nonclaim statute, are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented as follows:
	(1)	As to creditors barred by publication, within the
							(continued . . .)

without even a disallowance of a claim, we cannot reach that issue. We cannot

reach the merits of Hart's appeal without a presented claim.

## CONCLUSION

[¶17.]        The order is affirmed. SDCL 29A-3-804(c) only applies to claims that

have been presented. That is not the case here.

[¶18.]        KONENKAMP, ZINTER, SEVERSON, and WILBUR, Justices, concur.

---

(. . . continued)

> time set in the published notice to creditors;
> (2)   As to creditors barred by written notice, within the
>       time set in the written notice;
> (3)   As to all creditors, within three years after the
>       decedent's death.

(Emphasis added.) Hart argues that SDCL 29A-3-803(a) does not bar his claim because, under a plain reading of the statute, Hart's claim did not arise *before* Hamilton's death. Instead, Hart asserts that the claim he would file against the Estate originated at or after Hamilton's death. Hart correctly notes that in adopting from the Uniform Probate Code, the Legislature did not adopt § 3-803(c):

> All claims against a decedent's estate which *arise at or after the death of the decedent* . . . whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented as follows:
> . . .
> (2) any other claim, within the later of four months after it arises, or the time specified in subsection (a)(1).

(Emphasis added.) The South Dakota Probate Code does not have a statute equivalent or similar to UPC § 3-803(c), i.e., a statute to control claims against an estate that arise at or after the death of a decedent.