GILBERTSON, Chief Justice
[¶ 1.] While driving a car owned by her divorced parents, Megan Wheeler was hit and severely injured by an uninsured drunk driver. Both her mother and her father had automobile insurance policies. Megan’s father’s policy with Progressive Insurance Company (Progressive) specifically covered Megan’s car and paid Megan $100,000 in uninsured motorist benefits. However, this amount did not fully com *104 pensate Megan for her injuries. Thus, Megan filed a claim under her mother’s policy with Farmers Mutual Insurance Company of Nebraska (Farmers), which did not specifically cover Megan’s car but covered Megan as an “insured.” Per an “owned-but-not-insured” exclusion, Farmers denied Megan’s claim for uninsured motorist benefits. Megan then filed this action, seeking a declaration that she is entitled to uninsured motorist benefits under the Farmers policy. Both Megan and Farmers filed motions for summary judgment. The circuit court held a hearing and subsequently granted Farmers’ summary judgment motion. Megan appeals.
FACTS
[¶ 2.] The facts of this case are not in dispute. Megan is the daughter of Daniel Wheeler and Maria Wheeler, who divorced in 2008 when Megan was a minor. At the time of the divorce, Daniel and Maria owned a 2005 Honda Accord, which Megan used as her personal vehicle. As required by the divorce judgment, Daniel continued insuring the 2005 Honda Accord while Maria was responsible for paying the balance due on the vehicle loan. The car remained titled in the names of both Daniel and Maria.
[If 3.] Daniel insured the 2005 Honda Accord through Progressive. The Progressive policy provided a $100,000 limit for uninsured motorist coverage on the Accord. After the divorce, Maria purchased her own automobile insurance policy through Farmers. The Farmers policy covered Maria’s 1999 GMC Suburban and provided a $250,000 limit for uninsured motorist coverage. It is undisputed that Megan qualifies as an “insured” under the Farmers policy.
[IT 4.] In March 2011, an uninsured drunk driver ran a red light and crashed into Megan while she was driving the 2005 Honda Accord. Megan was severely injured, suffering a broken collar bone and multiple fractures in her pelvis. At the time, Megan was attending the University of South Dakota on an athletic scholarship for the University’s Division I golf team. Due to the injuries Megan sustained in the accident, Megan was forced to withdraw from her classes and forfeit her athletic scholarship.[1] The parties agree that Megan was not at fault in the accident.
[¶ 5.] After the accident, Progressive paid Megan the full $100,000 in uninsured motorist benefits. For purposes of this appeal only, it is undisputed that the $100,000 did not fully compensate Megan for her injuries. Thus, Megan filed a claim with Farmers seeking recovery of the $250,000 in uninsured motorist benefits provided under Maria’s policy.
[¶6.] Farmers denied Megan’s claim based on what is commonly called an “owned-but-not-insured” exclusion in Maria’s policy. The exclusion appears under an “Exclusions for Uninsured Motor Vehicle Coverage” heading and reads: “[tjhere is no coverage ... [f]or bodily injury to any insured while occupying, or through being struck by, a motor vehicle or trailer of any type owned by you, your spouse or any relative if it is not insured for this coverage under this policy.” Therefore, because the 2005 Honda Accord was owned by Maria but not insured under the Farmers policy, Farmers denied Megan’s claim for uninsured motorist benefits.
[¶ 7.] After Farmers denied Megan’s claim, Megan filed suit against Farmers seeking a declaration that Farmers’ “owned-but-not-insured” exclusion was void and that Megan was entitled to recov *105 er uninsured motorist benefits from Farmers. Farmers answered. Megan moved for partial summary judgment and Farmers also moved for summary judgment. After a hearing, the circuit court denied Megan’s motion and granted Farmers’ motion, generally relying on two South Dakota Supreme Court cases dealing with un-derinsured motorist coverage. In one of the two cases, this Court specifically considered the validity of an “owned-but-not-insured” exclusion in the context of under-insured motorist coverage and found the exclusion to be valid and enforceable. Megan appeals, arguing the circuit court erred as a matter of law in concluding that the “owned-but-not-insured” exclusion was valid and enforceable in relation to uninsured motorist coverage.
STANDARD OF REVIEW
[¶ 8.] When reviewing a circuit court’s grant of summary judgment, this Court only decides “whether genuine issues of material fact exist and whether the law was correctly applied.” Zephier v. Catholic Diocese of Sioux Falls, 2008 S.D. 56, ¶ 6, 752 N.W.2d 658, 662 (quoting Bordeaux v. Shannon Cnty. Sch., 2005 S.D. 117, ¶ 11, 707 N.W.2d 123, 126). In this case, “[t]he material facts are undisputed, and ‘therefore, our review is limited to determining whether the trial court correctly applied the law.’ ” De Smet Ins. Co. of S.D. v. Pourier, 2011 S.D. 47, ¶ 4 n. 1, 802 N.W.2d 447, 448 n. 1 (quoting Kobbeman v. Oleson, 1998 S.D. 20, ¶ 4, 574 N.W.2d 633, 635). “Statutory construction and insurance contract interpretation are questions of law reviewable de novo.” Id. (quoting Demaray v. De Smet Farm Mut. Ins. Co., 2011 S.D. 39, ¶ 8, 801 N.W.2d 284, 287).
ANALYSIS
[¶ 9.] In South Dakota, uninsured motorist coverage and underinsured motorist coverage are addressed in two separate statutes. See SDCL 58-11-9, -9.4, -9.5. South Dakota’s uninsured motorist statute provides:
No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle may be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state, except for snowmobiles, unless coverage is provided therein or supplemental thereto in limits for bodily injury or death equal to the coverage provided by such policy for bodily injury and death, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom. However, the coverage required by this section may not exceed the limits of one hundred thousand dollars because of bodily injury to or death of one person in any one accident and, subject to the limit for one person, three hundred thousand dollars because of bodily injury to or death of two or more persons in any one accident, unless additional coverage is requested by the insured. Any policy insuring government owned vehicles may not be required to provide uninsured motorist coverage.
SDCL 58-11-9. Additionally, the underin-sured motorist statute relevant to this appeal provides:
Subject to the terms and conditions of such underinsured motorist coverage, the insurance company agrees to pay its own insured for uncompensated damages as its insured may recover on ac *106 count of bodily injury or death arising out of an automobile accident because the judgment recovered against the owner of the other vehicle exceeds the policy limits thereon. Coverage shall be limited to the underinsured motorist coverage limits on the vehicle of the party recovering less the amount paid by the liability insurer of the party recovered against.
SDCL 58-11-9.5.
[¶ 10.] In granting summary judgment in favor of Farmers, the circuit court acknowledged that the language used in these two statutes was distinct. However, the circuit court found that the case law dealing with uninsured motorist coverage and underinsured motorist coverage could be applied interchangeably. Because this Court had previously upheld the validity of an “owned-but-not-insured” exclusion in the context of underinsured motorist coverage under SDCL 58-11-9.5, the circuit court concluded that Farmers’ “owned-but-not-insured” exclusion was valid and enforceable under SDCL 58-11-9.
[¶ 11.] As mentioned above, the circuit court primarily relied on two cases in reaching this conclusion. These two cases were De Smet Insurance Co. of South Dakota v. Pourier, 2011 S.D. 47, 802 N.W.2d 447, and Gloe v. Iowa Mutual Insurance Co., 2005 S.D. 29, 694 N.W.2d 238.
[¶ 12.] In Pourier, this Court specifically ruled on the validity of an “owned-but-not-insured” exclusion. See 2011 S.D. 47, 802 N.W.2d 447. The facts of Pourier are nearly identical to the facts of this case. However, the one notable difference is that in Pourier the minor was involved in an accident with an underinsured motorist whereas in this case Megan was hit by an uninsured motorist.[2] Therefore, in Pourier, this Court analyzed the validity of the “owned-but-not-insured” exclusion under South Dakota’s underinsured motorist statute (SDCL 58-11-9.5) as opposed to its uninsured motorist statute (SDCL 58 — 11— 9). Id. ¶ 5, 802 N.W.2d at 448-49. Ultimately, in Pourier, this Court concluded that the “owned-but-not-insured” exclusion was valid and enforceable under SDCL 58-11-9.5. Id. ¶ 12, 802 N.W.2d at 451-52. As a result, the minor in Pourier was precluded from recovering under the insurance policy that covered the minor as an insured but did not cover the car she was driving. Id.
[¶ 13.] In Gloe, this Court considered the issue of who was intended to be protected by the coverage mandated under SDCL 58-11-9.5. See 2005 S.D. 29, 694 N.W.2d 238. In Gloe, the plaintiff sued to recover underinsured motorist benefits under his car insurance policy based upon the wrongful death of his parents (pedestrians who were struck and killed by a vehicle). Id. ¶¶ 2-4, 694 N.W.2d at 240-41. The plaintiff argued that his policy endorsement, which limited underinsured motorist coverage to “bodily injury or death” sustained by an “insured,” was void under SDCL 58-11-9.5 because SDCL 58-11-9.5 did not explicitly restrict underin-sured motorist coverage to bodily injury or death sustained by an insured. Id. ¶¶ 5-6, 694 N.W.2d at 241. Rather, SDCL 58-11-9.5 generally provides “the insurance company agrees to pay its own insured for uncompensated damages as its insured may recover on account of bodily injury or *107 death arising out of an automobile accident
[¶ 14.] In considering the issue of who was intended to be protected under SDCL 58-11-9.5, this Court noted that although the language of SDCL 58-11-9 specifically limited coverage to bodily injury or death suffered by an insured, the language of SDCL 58-11-9.5 did not. Id. ¶¶ 12-13, 694 N.W.2d at 243. However, this Court stated that “because of the similarity of subject and purpose of [uninsured motorist] and [underinsured motorist] statutes and coverage, most of the decisions considering this issue construe [uninsured motorist] and [underinsured motorist] claims, policies, and statutory language interchangeably.” Id. ¶ 11, 694 N.W.2d at 242. This Court further stated that “we construe our [uninsured motorist] and [under-insured motorist] statutes together,” and “apply the case law considering [uninsured motorist] and [underinsured motorist] coverage interchangeably.” Id.
[¶ 15.] Therefore, this Court reviewed both SDCL 58-11-9 and SDCL 58-11-9.5 to determine who these statutes were meant to protect. Ultimately, this Court concluded that the Legislature only intended to mandate coverage for the protection of the insured for the insured’s bodily injury or death in enacting these statutes. Id. ¶¶ 11-31, 694 N.W.2d at 242-250. As a result, this Court determined that the endorsement in the plaintiffs policy, which limited underinsured motorist coverage to “bodily injury or death” sustained by an “insured,” was valid and enforceable. See Id. ¶ 29, 694 N.W.2d at 249-50. Accordingly, this Court found that the plaintiff could not recover underinsured motorist benefits because his parents were not insureds under his policy and he did not personally suffer bodily injury or death. Id.
[¶ 16.] In Megan’s motion for partial summary judgment, Megan argued that in the context of uninsured motorist coverage, the question of whether an “owned-but-not-insured” exclusion was valid and enforceable was an issue of first' impression in South Dakota. However, the circuit court determined that this was not an issue of first impression because this Court had already ruled on the validity of an “owned-but-not-insured” exclusion in the context of underinsured motorist coverage in Pourier. Further, it determined that this Court’s decision in Pourier controlled because Gloe allowed case law regarding uninsured motorist coverage and underin-sured motorist coverage to be applied interchangeably. As a result, the circuit court concluded that Farmers’ “owned-but-not-insured” exclusion was valid and enforceable, and that Farmers was thus entitled to summary judgment as a matter of law.
[¶ 17.] However, a review of Gloe demonstrates that the circuit court erred in using Gloe for the proposition that the case law and language of the uninsured motorist statute and underinsured motorist statute can be applied interchangeably in this case. Although this Court’s statements supporting construing the uninsured motorist statute and underinsured motorist statute together in Gloe may appear to have broad application, a more thorough review of Gloe establishes that these statements were intended to apply only to the particular issue this Court addressed in that ease. More specifically, these statements were only meant to apply to this Court’s consideration of who was meant to be protected by the coverage mandated under SDCL 58-11-9 and SDCL 58-11-9.5.
[¶ 18.] The limited application of this Court’s statements in Gloe is evidenced by the context in which these statements were *108 made. In evaluating the validity of the policy provision limiting coverage to “bodily injury or death” suffered by an “insured” in Gloe, this Court considered how other courts with similar uninsured motorist statutes and underinsured motorist statutes have treated the issue of who these statutes were meant to protect. As noted above, this Court stated that “because of the similarity of subject and purpose of [uninsured motorist] and [underin-sured motorist] statutes and coverage, most of the decisions considering this issue construe [uninsured motorist] and [under-insured motorist] claims, policies and statutory language interchangeably.” Gloe, 2005 S.D. 29, ¶ 11, 694. N.W.2d at 242 (emphasis added).
[¶ 19.] This Court’s use of the term “this” demonstrates that its statements about construing the uninsured motorist and underinsured motorist statutes and case law interchangeably applied only to its analysis of the specific issue of who the coverage mandated by SDCL 58-11-9 and SDCL 58-11-9.5 was intended to protect. Who the uninsured motorist statute and underinsured motorist statute were intended to protect was not at issue in this case. In this case, the only issue before the circuit court was whether the “owned-but-not-insured” exclusion was valid and enforceable in the context of uninsured motorist coverage. As a result, the circuit court incorrectly applied the law by taking this Court’s statements in Gloe out of context and using them to support its decision to apply the ease law regarding the uninsured motorist statute and underinsured motorist statute interchangeably. Accordingly, the circuit court incorrectly applied the law in determining that this Court’s decision in Pourier controlled, meaning that it also incorrectly applied the law in concluding that Farmers’ “owned-but-not-insured” policy exclusion was valid and enforceable with regard to uninsured motorist coverage. Therefore, the circuit court erred in granting summary judgment in favor of Farmers.
[¶ 20.] Instead, an analysis of SDCL 58-11-9 and SDCL 58-11-9.5 establishes that these two statutes are distinct, and that their language and case law cannot be construed interchangeably in this case. ' In construing a statute, this Court’s goal “is to discover the true intention of the law which is to be ascertained primarily from the language expressed in the statute.” In re Estate of Hamilton, 2012 S.D. 34, ¶ 7, 814 N.W.2d 141, 143 (quoting Martinmaas v. Engelmann, 2000 S.D. 85, ¶ 49, 612 N.W.2d 600, 611). “The intent of a statute is determined from what the legislature said, rather than what the courts think it should have said, and the court must confine itself to the language used.” Id. This means that “[w]ords and phrases in a statute must be given their plain meaning and effect.” Id. “If the words and phrases in the statute have plain meaning and effect, [the court] should simply declare their meaning and not resort to a statutory construction.” Sander v. Parkview Care Ctr., 2007 S.D. 103, ¶ 17, 740 N.W.2d 878, 883 (quoting In re W. River Elec. Ass’n, 2004 S.D. 11, ¶ 15, 675 N.W.2d 222, 226).
[¶ 21.] In addition, legislative intent “must be determined from the statute as a whole, as well as enactments relating to the same subject.” Hamilton, 2012 S.D. 34, ¶ 7, 814 N.W.2d at 143 (quoting Martinmaas, 2000 S.D. 85, ¶ 49, 612 N.W.2d at 611). Further, the principles of statutory construction require that:
A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant, ... No clause, sentence or word shall be construed as superfluous, void or insignifi *109 cant if the construction can be found which will give force to and preserve all the words of the statute. While every word of a statute must be presumed to have been used for a purpose, it is also the case that every word excluded from a statute must be presumed to have been excluded for a purpose.
2A Norman J. Singer, Sutherland Statutory Construction § 46.06, 181-92 (6th ed.2000) (emphasis added).
[¶ 22.] As can be seen from a review of SDCL 58-11-9 and SDCL 58-11-9.5, the language used in these two statutes is different. Most significantly, SDCL 58-11-9.5 includes the language “[s]ubject to the terms and conditions of such underin-sured motorist coverage ...” whereas SDCL 58-11-9 does not include such language. Thus, although SDCL 58-11-9.5 expressly allows an insurer to limit coverage, SDCL 58-11-9 does not.
[¶ 23.] We presume that the Legislature meant something when it included this language in the underinsured motorist statute, but did not include such language in the uninsured motorist statute. The exclusion of such language from the uninsured motorist statute indicates that although the Legislature contemplated insurers placing limitations on the terms and conditions of underinsured motorist coverage, it did not intend for such limitations to be placed upon the terms and conditions of uninsured motorist coverage. If the Legislature had intended the coverage mandated under SDCL 58-11-9 to be “[s]ubject to the terms and conditions of such un[insured] motorist coverage,” it would have said so. Instead, it chose not to include such language.[3] Therefore, because the Legislature expressly allowed insurance companies to place limitations upon underinsured motorist coverage but did not expressly do so for uninsured motorist coverage, we conclude that Farmers’ “owned-but-not-insured” exclusion is void with regard to uninsured motorist coverage.
[¶ 24.] This conclusion is further supported by the fact that the language of SDCL 58-11-9 expressly provides for an exclusion with respect to uninsured motorist coverage. The last sentence of SDCL 58-11-9 provides that “[a]ny policy insuring government owned vehicles may not be required to provide uninsured motorist coverage.” The inclusion of this language within SDCL 58-11-9 demonstrates that the Legislature knew how to allow insurance companies to limit coverage in the context of uninsured motorist coverage, and did so with respect to government vehicles. As a result, if the Legislature intended to permit exclusions such as Farmers’ “owned-but-not-insured” exclusion in the context of uninsured motorist coverage, it could have done so. The fact that the language of SDCL 58-11-9 does not contain such an exclusion provides further support for the conclusion that Farmers’ “owned-but-not-insured” exclusion is void in this case.[4]
[¶ 25.] Finally, Megan invites this Court to determine whether Farmers’ “owned-but-not-insured” exclusion is void *110 in its entirety (meaning that Megan could recover up to the full $250,000 in uninsured motorist benefits available under the Farmers policy provided that she can prove the extent that her damages exceed the $100,000 she received from Progressive) or whether Farmers’ “owned-but-not-insured” exclusion is only void up to the minimum coverage mandated by SDCL 32-35-70 (South Dakota’s Motor Vehicle Financial Responsibility Law). We decline to address this issue, and remand it for review by the circuit court.
CONCLUSION
[¶ 26.] The statements this Court made in Gloe regarding the interchangeability of the language and case law of SDCL 58-11-9 and SDCL 58-11-9.5 were intended to be confined to the issue presented to this Court in that case. As a result, the circuit court incorrectly applied the law when it used this Court’s statements in Gloe to allow it to rely on Fourier in concluding that Farmers’ “owned-but-not-insured” exclusion was valid and enforceable under SDCL 58-11-9, even though Powder only dealt with the validity of an “owned-but-not-insured” exclusion under SDCL 58-11-9.5. Therefore, the circuit court erred in granting summary judgment in favor of Farmers. Instead, SDCL 58-11-9 and SDCL 58-11-9.5 are distinct, and Farmers’ “owned-but-not-insured” exclusion is void in this case. We reverse and remand for proceedings consistent with this opinion.
[¶ 27.] KONENKAMP, SEVERSON, and WILBUR, Justices, concur.
[¶ 28.] ZINTER, Justice, concurs specially.

. Megan returned to USD for the spring 2012 semester but did not re-join the golf team.

. As a result, unlike in this case where Megan has recovered under the policy insuring the car she was driving and seeks coverage as an insured under her mother's policy, in Pourier the minor recovered under the policy insuring die car she was driving and the underinsured tortfeasor's policy, and sought coverage under a third policy which covered her as an "insured” but did not specifically cover the car she was driving.

. The potential rationale for the Legislature’s omission of language from SDCL 58-11-9 expressly allowing insurance companies to place limitations upon uninsured motorist coverage could be due to its recognition that in underinsured motorist cases, the insured has the protection of two policies (his or her own policy and the tortfeasor's policy), whereas in uninsured motorist cases, the insured does not have the benefit of recovering under the tortfeasor’s policy.

. If this Court has misinterpreted the Legislature’s intent in determining that Farmers’ "owned-but-not-insured” exclusion is void under SDCL 58-11-9, the Legislature is free to clarify its intent.