#26731-r-GAS
**2014 S.D. 25**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

AMANDA LYNN PFUHL,                                      Petitioner,

    v.

JASON LEROY PFUHL,                                      Respondent.

MINNEHAHA COUNTY, a political
subdivision of the State of South Dakota,               Appellant,

    v.

THE HONORABLE DOUGLAS E. HOFFMAN,
Circuit Court Judge,                                    Appellee,

    and

TRESSA ZAHRBOCK KOOL,
Attorney for minors J.P., J.P., M.P. and D.L.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA
* * * *
THE HONORABLE DOUGLAS E. HOFFMAN
Judge
* * * *

AARON F. MCGOWAN
Minnehaha County States Attorney
Minnehaha County State's
 Attorney's Office
Sioux Falls, South Dakota

KERSTEN A. KAPPMEYER
Deputy State's Attorney
Minnehaha County State's
 Attorney's Office
Sioux Falls, South Dakota                              Attorneys for appellant.

ROBERT B. ANDERSON
May, Adam, Gerdes and Thompson, LLP
Pierre, South Dakota                                   Attorneys for appellee.

* * * *

CONSIDERED ON BRIEFS
ON FEBRUARY 18, 2014
OPINION FILED **04/30/14**

#26731

SEVERSON, Justice

[¶1.]          Amanda Pfuhl obtained a temporary protection order against her husband (Jason) on November 16, 2012, alleging in part that he physically or sexually assaulted two of their minor children three years before the petition, initiated phone contact through a third-party relative, threw a full soda can at her that damaged her car in 2010, and threw a phone that broke a window in their home in 2008.  At a hearing on December 11, 2012, on the petition in circuit court, Amanda reiterated her claim that Jason might have abused two of their children three years before.  Previously, the Department of Social Services investigated the allegations but found no evidence of child abuse, and law enforcement officials found no basis to pursue charges against Jason.

[¶2.]          At the hearing's conclusion, Judge Douglas Hoffman continued the protection order until January 17, 2013, and appointed counsel (Tressa Zarhbock Kool) for the children by order filed on January 8, 2013.[1]  The matter was again

---

1.      According to the hearing transcript, Judge Hoffman stated:

> Let's state in the order that pursuant to SDCL 25-4-45-24, [sic, see below] I am appointing an attorney to represent the minor children of these parents and those children are . . ., and that lawyer will be responsible to represent the best interests of those minor children because under the statute this is a custody proceeding and the children [sic] and alleged by the mother to have been neglected or abused by the father and it's therefore in the best interests of the children to have counsel appointed and I want to appoint Tressa Zahrbock Kool to take the children's place . . . .

There is no statute codified as SDCL 25-4-45-24.  Both parties agree that either Judge Hoffman misspoke or there was a minor transcription error, and that SDCL 25-4-45.4 was the intended statute.

heard on January 17, 2013, and on March 1, 2013, when Judge Susan Sabers dismissed the protection order for failure to provide sufficient evidence.

[¶3.]     On May 15, 2013, Kool submitted a voucher to Judge Hoffman for costs related to her appointment. On May 20, 2013, he ordered that Minnehaha County (Minnehaha) pay Kool $1,094.40. Minnehaha received the order on May 21, 2013, and timely filed a notice of appeal on June 19, 2013, arguing Judge Hoffman lacked statutory authority to appoint counsel and to order it to pay appointed counsel's costs. We reverse.

## Standard of Review

[¶4.]     This issue involves statutory interpretation and construction, which is a question of law reviewed de novo. *In re Guardianship of S.M.N.*, 2010 S.D. 31, ¶ 9, 781 N.W.2d 213, 217.

## Analysis

[¶5.]     This appeal does not address the discretionary inherent power of a court to assign counsel for children in a proper case. The appeal is limited to the statutory authority under SDCL 26-8A-18 to appoint counsel for children in a civil protection order proceeding and then order the payment of fees from the county.

[¶6.]     Minnehaha argues that the circuit court lacked statutory authority in this case under SDCL 25-4-45.4 or SDCL 26-8A-18 to appoint counsel for the minor children and lacked authority to order Minnehaha to pay appointed counsel's costs. Judge Hoffman argues that he misspoke by mentioning SDCL 25-4-45.4 and that instead, SDCL 26-8A-18 not only granted him authority in this case, but required

him to appoint counsel for the minor children and required ordering Minnehaha to pay appointed counsel's costs.

[¶7.] Even if the circuit court provided the wrong authority at the December 11, 2012 hearing,[2] it "may still be upheld if it reached the right result for the wrong reason." *Sommervold v. Grevlos*, 518 N.W.2d 733, 740 (S.D. 1994). "[I]t is a well[-]entrenched rule of this Court that, where a judgment is correct, it will not be reversed even though it is based on erroneous conclusions or wrong reasons." *Wolff v. Sec'y of S.D. Game, Fish & Parks Dep't*, 1996 S.D. 23, ¶ 32, 544 N.W.2d 531, 537 (citing *Sommervold*, 518 N.W.2d at 740 ; *Kirby v. W. Sur. Co.*, 70 S.D. 483, 488, 19 N.W.2d 12, 14 (1945)). Thus the critical inquiry remains—whether the circuit court was correct and reached the right result in this case by appointing counsel and ordering Minnehaha to pay appointed counsel's costs.

[¶8.] "In construing a statute, this Court's goal 'is to discover the true intention of the law which is to be ascertained primarily from the language expressed in the statute.'" *Wheeler v. Farmers Mut. Ins. Co. of Neb.*, 2012 S.D. 83, ¶ 20, 824 N.W.2d 102, 108 (quoting *In re Estate of Hamilton*, 2012 S.D. 34, ¶ 7, 814 N.W.2d 141, 143). "When the language in a statute is clear, certain and unambiguous, there is no reason for construction, and the Court's only function is to declare the meaning of the statute as clearly expressed." *Martinmaas v.*

---

2. Judge Hoffman stated his authority was pursuant to SDCL 25-4-45.4, which allows the court to appoint counsel for alleged abused or neglected children in divorce or custody proceedings if mediation is not feasible or if requested by a party and the court feels it to be in the children's best interests, none of which occurred. Also, under SDCL 25-4-45.4, the court allocates the appointed counsel's costs between the parties and does not direct payment by the county.

*Engelmann*, 2000 S.D. 85, ¶ 49, 612 N.W.2d 600, 611 (quoting *Moss v. Guttormson*, 1996 S.D. 76, ¶ 10, 551 N.W.2d 14, 17). Intent is "determined from the statute as a whole, as well as enactments relating to the same subject." *Wheeler*, 2012 S.D. 83, ¶ 21, 824 N.W.2d at 108 (citation omitted).

[¶9.]	The South Dakota Legislature substantially revised and reorganized the juvenile code during the 1991 Legislative Session. 1991 S.D. Sess. Laws ch. 217. As part of that revision, the Legislature added SDCL 26-8A-1, 26-8A-18, and others. *Id.* at §§ 110, 126B.

[¶10.]	SDCL 26-8A-1 states chapter 26-8A's purpose:

> It is the purpose of this chapter, in conjunction with chapter 26-7A, to establish an effective state and local system for protection of children from abuse or neglect. Adjudication of a child as an abused or neglected child is an adjudication of the status or condition of the child who is the subject of the proceedings and is not necessarily an adjudication against or in favor of any particular parent, guardian, or custodian of the child.

SDCL 26-8A-18 requires the court to appoint an attorney "for any child alleged to be abused or neglected in any judicial proceeding[,]" and allocate appointed counsel's costs to the county under SDCL 26-7A-31:

> Notwithstanding the provisions of §§ 26-7A-31 and 26-8A-9, the court shall appoint an attorney for any child alleged to be abused or neglected in any judicial proceeding. The court shall appoint an attorney in the manner the county in which the action is being conducted has chosen to provide indigent counsel under § 23A-40-7. The attorney for the child shall represent the child's best interests and may not be the attorney for any other party involved in the judicial proceedings. The court may designate other persons, including a guardian ad litem or special advocate, who may or may not be attorneys licensed to practice law, to assist the attorney of the child in the performance of the attorney's duties. Compensation and expense allowances for the child's attorney shall be determined and paid according to § 26-7A-31.

[¶11.] Applying SDCL 26-8A-18 outside the context of abuse and neglect proceedings, as the circuit court attempts to do here, is an improper expansion of SDCL 26-8A-18's authority outside the chapter's purpose. As SDCL 26-8A-1 states, adjudicating a child as abused or neglected "is not necessarily an adjudication against or in favor of any particular parent, guardian, or custodian of the child." Instead, adjudicating a child as abused or neglected is a status determination that has significant legal consequences. Thus, SDCL 26-8A-18 requires the subject ("child alleged to be abused or neglected") to have counsel during any of the adjudication's proceedings ("in any judicial proceeding"). SDCL 26-8A-18. Although SDCL 26-8A-18's phrase "in any judicial proceeding" may appear expansive, when the legislative enactments are read as a whole and not in isolation, SDCL 26-8A-18's authority is limited to when the child is the "subject of the proceedings." SDCL 26-8A-1.

[¶12.] The circuit court's interpretation of SDCL 26-8A-18 causes a conflict with other statutes, specifically SDCL 25-4-45.4. *See* SDCL 25-4-45.4 (stating in part: "[T]he court *may* appoint counsel for any child involved in any divorce or custody proceeding, in which the child is alleged to be neglected or abused . . . . The court *shall allocate the cost of the appointed counsel between the parents, guardian, or custodian of the child.*" (emphasis added)). But when SDCL 26-8A-18 is properly applied in its particular subject for its stated purpose, there is no conflict and the statutes need not be reconciled.

[¶13.]    Accordingly, the mandatory counsel appointment under SDCL 26-8A-18 and its cost allocation to the county apply to the particular subject of a child's status or condition as an abused or neglected child.

## Conclusion

[¶14.]    The circuit court claims SDCL 26-8A-18 authorizes it to order Minnehaha to pay appointed counsel's costs in this case.  But SDCL 26-8A-18 applies to the particular subject of a child's status or condition.  That was not the particular subject of the proceeding the circuit court presided over.  Therefore, the circuit court lacked statutory authority in this case to order Minnehaha to pay appointed counsel's costs.  We reverse the circuit court's order directing Minnehaha to pay Kool's claim for compensation and expenses.

[¶15.]    GILBERTSON, Chief Justice, and KONENKAMP and ZINTER, Justices, and ENG, Circuit Court Judge, concur.

[¶16.]    ENG, Circuit Court Judge, sitting for WILBUR, Justice, disqualified.