FOLEY *v.* O'DONAGHUE, EXECUTOR, ET AL.

[No. 20,649.    Filed March 30, 1906.    Rehearing denied June 29, 1906.]

1. APPEAL AND ERROR.—*Assignment of Errors.—Parties.—Jurisdiction.—Waiver.*—Where a defendant in a representative capacity below is made an appellee, on appeal, in his personal capacity, but his attorneys accepted service of notice of the appeal and filed a brief on the merits, he waived his right to object to the jurisdiction of his person on appeal.    p. 135.

2. WILLS.—*Contest.—Estoppel.—Executors and Administrators.—Final Settlement.*—The administration and final settlement of an estate, by the executor, as prescribed by the terms of the will, with the full knowledge of the heirs, does not constitute an estoppel *in pais* preventing their right to contest such will.    p. 137.

3. SAME. — *Contest. — Limitation of Actions. — Statutes.* — The three-year period given by statute (§2766 Burns 1901, §2596 R. S. 1881) in which to contest a will is a substantive right which cannot be abridged by the courts, and which is not strictly a statute of limitations.    p. 137.

4. SAME.—*Contest.—Executors and Administrators.—Final Settlement.—Res Judicata.*—The executor's final settlement of the testator's estate, as prescribed by law, does not preclude a contest of the will by the heirs.    *Stuckwisch* v. *Kamman,* 166 Ind. 672, followed.    p. 137.

5. DECEDENTS' ESTATES.—*Executors and Administrators.—Duty to Settle Estates.*—It is the duty of an executor to administer the testator's estate, without regard to the heirs' statutory right of contest, and distribute the proceeds as directed in the will.    p. 138.

6.  WILLS.—*Contest.*—*Parties.*—*Executors.*—Where the executor of a will has been discharged on final settlement, he is not a proper or necessary party to a contest of such will.  p. 138.

From Marion Circuit Court (11,873); *Henry Clay Allen,* Judge.

Action by Jerry Foley against Denis O'Donaghue, as executor of the will of Mary O'Connell, deceased, and others.  From a judgment for defendants, plaintiff appeals.  *Affirmed in part.  Reversed in part.*

*Charles F. Coffin,* for appellant.

*Hefron & Herrington* and *H. S. McMichael,* for appellees.

GILLETT, C. J.—This is an action instituted by appellant to contest a will.  The caption of the complaint makes Denis O'Donaghue, as executor of the last will and testament of Mary O'Connell, together with the other appellees in this case, parties defendant.  It appears from the body of the complaint that the effort is to contest the will of Mary O'Conner, and it is charged that letters were issued to said Denis O'Donaghue as executor of said will.  A separate answer was filed in said cause by Denis O'Donaghue, as executor of the last will of Mary O'Connor, and the other defendants who appeared joined in an answer.

Counsel who represented the defendants who answered below accepted service of the notice of appeal, but, after entering a full appearance in this court, they suggest, in connection with their brief on the merits, that the appeal ought to be dismissed, for the reason that in the assignment of errors Denis O'Donaghue, as executor of the last will and testament of Mary O'Connell, has been made an appellee, and that said O'Donaghue has not been made an appellee in his capacity as executor of the will of Mary O'Connor.  The objection is purely technical, and as it is apparent that appellant has made an effort in good faith to comply with the rules of this court,

and as all possible objection to the jurisdiction over the persons of said defendants has been waived by their full appearance, accompanied by a brief on the merits, we hold that the objection is not well taken. *Walker* v. *Hill* (1887), 111 Ind. 223; *Hazleton* v. *De Priest* (1896), 143 Ind. 368; *Loucheim* v. *Seeley* (1896), 151 Ind. 665; Ewbank's Manual, §163.

On the merits, the questions in this case are presented by assignments of errors which draw in question the over-ruling of a demurrer to the second paragraph of the separate answer of Denis O'Donaghue, executor, and to the second paragraph of the joint answer of the other answering appellees. The second paragraph of said first-mentioned answer alleges that long before the commencement of this suit said estate was, by the judgment and decree of the Marion Circuit Court, duly entered, declared, and adjudged to be fully and finally settled, and that said defendant, as such executor, was discharged from all further duties and liabilities therein, and that he is no longer the executor of said estate. The second paragraph of the joint answer of the other appellees who answered sets up the same facts as are pleaded by the executor in his answer above mentioned, except that the notice which was given of final settlement was more fully pleaded, and it was also alleged that the executor had sold the real estate involved to four different persons, and had marshaled the assets of the estate and paid all costs of administration prior to the filing of his report in final settlement; that during the entire time that said administration was pending appellant was a resident of Marion county and had full knowledge and notice of the proceedings, and he made no objections to any of the proceedings, and gave no notice of his intention to contest said will. The essential question in this case is presented by the allegations of said last-mentioned answer.

It is apparent that said paragraph does not state facts amounting to an estoppel *in pais,* and therefore we need not discuss that question.  The only question which said 2. answer can be said to present is the effect of the allegations concerning the final settlement of the estate.  It was held by this court in *Stuckwisch* v. *Kammon* (1906), 166 Ind. 672, that the entering of an order of final settlement in a decedent's estate does not operate to preclude the contest of his will.  This holding virtually disposes of the question presented by said answer, but, in view of the argument, a few additional suggestions may be made.

The three-year period given in which to contest the validity of a probated will (§2766 Burns 1901, §2596 3. R. S. 1881) is not in the nature of a statute of limitations; the right which is granted is a substantive one, which it is the duty of the courts to recognize without abridgment or exception.  *Mason* v. *Roll* (1892), 130 Ind. 260; *Bartlett* v. *Manor* (1897), 146 Ind. 621.  The principle here involved is very different from that which rules a line of cases in this State which hold that a complaint to quiet title is a challenge to the defendant to present every claim of every nature against the land, whether growing out of the statutory right to contest a will, or otherwise.  The threshold inquiry here is whether it was 4. the intent that the court should adjudicate upon the soundness of mind of the testator and the due execution of his will in the entering of an order of final settlement.  Now it is evident that if such an order is *res adjudicata* in respect to the validity of the will, it must have that effect in every case, irrespective of any question as to whether the heir had knowledge of his right at the time of final settlement.  This certainly was not the legislative purpose.  Here are two statutes: one for the contest of wills, which provides that a will may be contested within three years, and the other for the settlement of the estates of deceased persons, testate and intestate, which contem-

plates that an order of final settlement may be made at the expiration of one year after notice of the granting of letters. Now the only way in which these statutes can be brought into accord is to hold that in proceedings for the settlement of the estate of a person who dies testate the validity of his will is not involved. This does not mean that the estate is to be tied up so that the executor may not take the statutory steps to bring about a liquidation. The proceedings of an executor in the settlement of his decedent's estate are based upon a preliminary judgment

5. which establishes the validity of the will, subject only to the statutory right of contest, and it is the legislative contemplation that in the absence of an intervening contest the estate shall go on to final settlement, and the assets be distributed under such will, as if its provisions were wholly immutable. §2412 Burns 1901, §2257 R. S. 1881; *Allen* v. *Dundas* (1789), 3 T. R. 125, 129; 1 Woerner, Am. Law of Administration, *501; 11 Am. and Eng. Ency. Law (2d ed.), 909; 18 Cyc. Law and Proc., 214, 215. As to whether the contestor can pursue the assets in the hands of the distributees we do not decide, but see 1 Woerner, Am. Law of Administration, *501. We hold that said paragraph was insufficient.

As to the paragraph of answer of O'Donaghue, executor, we are of opinion that it stated facts in bar of an action against him as executor. After the estate had been

6. fully settled, and the executor discharged from the duties of his trust, it is evident that he was no longer a necessary or proper party to the proceedings.

The judgment of the court below that appellant take nothing as against O'Donaghue, executor, is affirmed. As to all other appellees, the judgment is reversed, with a direction to sustain appellant's demurrer to the second paragraph of the answer of the answering defendants.