1997 ME 217

**ESTATE OF Harold ULRICKSON.**

Supreme Judicial Court of Maine.

Argued Oct. 8, 1997.
Decided Nov. 7, 1997.

Thomas B. Wheatley (orally), Portland, for appellant.

Paul S. Bulger, Troubh, Heisler, & Piampiano, Portland, for Donald Ulrickson.

Dennis J. O'Donovan (orally), McCandless & Epstein L.L.P., Portland, for Gordon Ulrickson.

Paul P. Murphy, Murphy & Coyne, Lewiston, for Jane Sweetser.

Before WATHEN, C.J. and ROBERTS, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

RUDMAN, Justice.

[¶ 1] Charles H. Ulrickson appeals from the judgment entered in the Cumberland County Probate Court (*Childs, J.*) granting a Petition for Order of Complete Settlement of Estate filed by Gordon Ulrickson. Charles contends that the Probate Court erred: (1) in denying Charles's objection to the petition without an evidentiary hearing; (2) in not finding the deeds and will executed by Harold Ulrickson voidable for fraud, undue influence, or mistake of fact; (3) in not finding

1. 33 M.R.S.A. §§ 1021–1025 (1996).

the deeds executed by Harold voidable pursuant to the Improvident Transfers of Title Act [1]; and (4) in not addressing Charles's claims for accounting, his claims against Harold's attorney, Roger Leland, and his objection to the payment of Attorney Leland's fees. We affirm the judgment of the Probate Court.

## I.

[¶ 2] In 1986, following the death of his wife, Harold Ulrickson executed a will that provided roughly equal shares of his estate to his four adult children: Gordon Ulrickson, Janet Sweetser, Charles Ulrickson, and Donald Ulrickson. However, in October, 1993, Harold transferred his real property to his four children. Shortly thereafter, Harold executed a new will, dated November 22, 1993. Charles Ulrickson, Harold's son, received a considerably smaller portion of the estate than his siblings as a result of the inter vivos transfers and Harold's new will.

[¶ 3] Harold Ulrickson died on September 6, 1994. On the petition of Charles and Donald, Harold's will dated November 22, 1993, was admitted to informal probate on December 7, 1994. The will named Charles and Donald co-personal representatives. They accepted appointment on the date the will was admitted and proceeded to act by, *inter alia*, publishing a notice to creditors and filing a federal gift tax return and a federal estate tax return acknowledging their father's inter vivos transfers of real estate.

[¶ 4] Almost two years later, on October 9, 1996, Gordon Ulrickson filed a petition, pursuant to 18–A M.R.S.A. § 3–1002, for complete settlement of his father's estate. Charles filed an objection to this petition with the Probate Court on November 4, 1996. The parties submitted evidence in support of and in opposition to the petition in the form of affidavits with attached exhibits. The Probate Court, in its Findings and Order dated March 19, 1997, granted Gordon's petition for complete settlement of the estate. This appeal followed.

## II.

[¶ 5] Charles contends that the Probate Court erred by ruling on the petition without granting the parties an evidentiary hearing. The Probate Court, in November, 1996, conferenced with counsel for both parties to determine the future course of the litigation. A second conference was held one month later. During this period, counsel supplied the court with copies of pertinent affidavits, documents, and memoranda of law. Because the Probate Court's order was not issued until March, 1997, both parties had a sufficient opportunity to present additional affidavits, submit materials by way of an offer of proof, or petition the court for an evidentiary hearing. Charles does not suggest to us any additional evidence that he intended to offer if he were afforded a hearing. The court's docket does not reflect that Charles requested a hearing, nor did Charles avail himself of the opportunity to prepare a statement of the proceedings pursuant to M.R. Prob. P. 74(b).

[¶ 6] We conclude, therefore, that the parties consented to the Probate Court's determination without a further evidentiary hearing. Nothing in the record before us demonstrates the contrary intent of either party. *Cf. Estate of Weeks,* 462 A.2d 44, 47 (Me.1983).

[¶ 7] Charles seeks to challenge the validity of his father's will by opposing the petition for complete settlement.[2] Charles, however, never petitioned for supervised administration of the estate. He also did not seek formal probate of the will, an appropriate step by which he might have challenged the will's validity. *See* 18–A M.R.S.A. § 3–401 (1981) ("A formal testacy proceeding is litigation to determine whether a decedent left a valid will. A formal testacy proceeding may

be commenced by an interested person filing a petition as described in section 3–402 ... in which he requests that the judge ... enter an order ... to prevent informal probate of a will ... ").

[¶ 8] Section 3–1002 of Maine's probate code governs the formal proceedings at issue in this case. Section 3–1002 reads, in relevant part:

A personal representative administering an estate under an informally probated will or any devisee under an informally probated will may petition for an order of settlement of the estate ... The petition may request the court to consider the final account or compel or approve an accounting and distribution, to construe the will and adjudicate final settlement and distribution of the estate.

18–A M.R.S.A. § 3–1002 (1981).[3] Section 3–1002 specifically defines the purpose of a petition for complete settlement of an estate and the claims the court can consider thereunder. An order of complete settlement of an estate closes estate administration, terminates the personal representative's appointment, and acts as a discharge with respect to all persons receiving notice of the proceeding. Mitchell, *Maine Probate Procedure* § 4.25.1 (Hunt rev.1996). Opposition to a petition for complete settlement of an estate is an inappropriate vehicle to challenge the validity of a will based on undue influence, fraud, or mistake. *See* 18–A M.R.S.A. § 3–1002 (court may "consider the final account," "compel or approve an accounting and distribution," "construe a will," and "adjudicate final settlement and distribution of the estate" in a section 3–1002 proceeding). The petition for ordering complete settlement conformed to the conditions in Harold's will. *See id.*[4]

---

2. Charles challenges the validity of the will that he submitted to probate on the grounds that the will was a product of undue influence, fraud, and mistake.

3. In this instance, Gordon's section 3–1002 petition asked the court to consider and to approve the account of the personal representative, to determine the persons entitled to distribution and the amounts to be distributed, to order final settlement and distribution of the estate, to discharge the personal representative from claims

of interested persons, to close administration of the estate, and to approve the payment of Gordon's legal fees in connection with the petition.

4. Charles also contends that the Probate Court erred in not finding the inter vivos transfers of property voidable pursuant to the Improvident Transfers of Title Act, 33 M.R.S.A. §§ 1021–1025 (1996). Again, a probate proceeding to consider a petition for complete settlement of an estate is an inappropriate vehicle to raise such a claim.

[¶ 9] Finally, Charles argues on appeal that the Probate Court erred in not considering the estate's claims against Attorney Leland, his demand for an accounting of estate properties, and his objection to the payment of Attorney Leland's fees by the estate. In fact, the Probate Court's order specifically approved the accounting presented in Gordon's petition and we are satisfied that Charles's claims that were appropriate for consideration by the court were so considered. The Probate Court's judgment granting Gordon Ulrickson's petition is supported by credible evidence and therefore is not clearly erroneous. *Estate of Saliba v. Dunning*, 682 A.2d 224, 226 (Me.1996).

The entry is:

Judgment affirmed