#25925-dismissed-DG

**2012 S.D. 2**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

IN THE MATTER OF THE ESTATE
OF MINNIE GEIER, Deceased.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIFTH JUDICIAL CIRCUIT
EDMUNDS COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE SCOTT P. MYREN
Judge

* * * *

RICHARD L. RUSSMAN of
Richardson, Wyly, Wise,
  Sauck & Hieb, LLP
Aberdeen, South Dakota                      Attorneys for appellant
                                            Leo Geier.

MELISSA E. NEVILLE
KENNITH L. GOSCH of
Bantz, Gosch & Cremer, LLC
Aberdeen, South Dakota                      Attorneys for appellee Estate
                                            and Darlene Fuhrman.
.

* * * *

CONSIDERED ON BRIEFS
ON NOVEMBER 14, 2011

OPINION FILED **01/11/12**

GILBERTSON, Chief Justice

[¶1.] Leo Geier, an heir to his mother's estate, petitioned for supervised administration of the estate and removal of the estate's personal representative. The circuit court heard evidence on the petition. The court denied the petition. Leo appeals from the order denying his petition. Appellees filed a motion to dismiss the appeal, asserting that Leo did not appeal from a final order and that not all the required parties were served with notice of appeal. Although we conclude that the order of the circuit court was one from which Leo could appeal, we dismiss the appeal for failure to serve the notice of appeal upon the heirs.

## FACTS

[¶2.] Minnie Geier died in February 2010. Minnie had previously named her son Clemens as her attorney-in-fact in 1999. Minnie left a will naming her daughter Darlene as the personal representative. Darlene petitioned for formal probate of Minnie's estate. She was appointed personal representative in March 2010. Darlene arranged a meeting of all the heirs in May 2010. An accounting was furnished to each of the heirs in June 2010. No heirs objected to the accounting. Darlene wrote to all the heirs in July 2010 informing them that she would close the estate.

[¶3.] After receiving the July 2010 letter, Leo petitioned for supervised administration of the estate and removal of the personal representative. Leo claimed that Clemens diverted funds in violation of his position as Minnie's attorney-in-fact. Leo also claims that payments to Darlene were inappropriate. None of the other heirs joined Leo's petition.

[¶4.]     The circuit court received evidence and heard arguments regarding payments to Darlene and Clemens. The court found that the reimbursements and compensation payments to Darlene and Clemens were not excessive, unnecessary, or unreasonable. Accordingly, the court found that neither supervised administration nor removal of the personal representative was necessary. The court issued an order denying Leo's petition (dated February 3, 2011, with Notice of Entry on February 9, 2011). Leo attempts to appeal from this order.

[¶5.]     The court held a hearing for complete settlement of the estate on February 22, 2011. Neither Leo nor his counsel appeared at the hearing. The circuit court issued an order that same day for complete settlement of the estate. No appeal was taken from this order.

[¶6.]     Appellees, the Estate of Minnie Geier and the personal representative (collectively "the Estate"), filed a motion to dismiss the appeal after Leo's brief was filed with this Court. The Estate argued that the order from which Leo attempted to appeal was not a final, appealable order and that Leo failed to serve all required parties. This Court ordered briefing on these two issues. We do not reach the merits of this appeal as we conclude a jurisdictional issue is dispositive.

        1.  Whether the appeal was filed from a final order.

        2.  Whether all the parties were served with notice of appeal.

## STANDARD OF REVIEW

[¶7.]     This Court's appellate jurisdiction is limited to "appeals only from a final order or judgment." *Link v. L.S.I., Inc.*, 2010 S.D. 103, ¶ 43, 793 N.W.2d 44, 57. Furthermore, "failure to timely file and serve the notice of appeal is

jurisdictionally fatal to the validity of an appeal . . . ." *W. States Land & Cattle Co., Inc. v. Lexington Ins. Co.*, 459 N.W.2d 429, 431 (S.D. 1990).

## ANALYSIS

[¶8.]     **1.     Whether the appeal was filed from a final order.**

[¶9.]     Typically, SDCL 15-26A-3 identifies the circuit court orders from which an appeal may be taken. The Estate argues that the order Leo seeks to appeal is not a judgment (SDCL 15-26A-3(1)) or "[a]n order affecting a substantial right, made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken" (SDCL 15-26A-3(2)). Furthermore, the circuit court did not make an express determination that "the ends of justice [would] be served by determination of the questions involved without awaiting the final determination of the . . . proceeding" (SDCL 15-26A-3(6)), or that there was "no just reason for delay [of] . . . the entry of judgment" (SDCL 15-6-54(b)). The Estate also asserts that the order appealed from is not final because "it did not resolve each heir's interest in the estate, the final accounting, the payment of expenses, nor complete settlement of the estate."

[¶10.]     This Court has not addressed the issue of what constitutes a final order in a probate proceeding since South Dakota adopted the Uniform Probate Code (UPC).[1] 1994 S.D. Sess. Laws ch. 232. The UPC addresses application of the rules of appellate procedure as follows: "Unless specifically provided to the contrary in this code or unless inconsistent with its provisions, the rules of civil procedure,

---

1.     South Dakota's version of the UPC is codified at SDCL Title 29A.

including the rules concerning vacation of orders and appellate review, govern formal proceedings under this code." SDCL 29A-1-304. Previous case law interpreting South Dakota's former probate code indicated that a final judgment is one that "finally dispose[s] of the entire proceedings subject only to appeal to this Court." *In re Estate of Lingscheit,* 387 N.W.2d 738, 740 (S.D. 1986). *See also Riede v. Phillips*, 277 N.W.2d 720, 722 (S.D. 1979) (A final judgment "must finally and completely adjudicate all of the issues of fact and law involved in the controversy."). However, the admission or denial of a will to probate which did not complete the probate proceedings was considered to be appealable as a matter of right. *See, e.g., In re Estate of Mary O. Nelson,* 330 N.W.2d 151 (S.D. 1983). The relevant provisions of the UPC suggest a more expansive determination of the finality of probate orders than articulated in *Lingscheit.*

[¶11.]     SDCL 29A-3-107 defines the "Scope of Proceedings" under the UPC:

> Unless supervised administration as described in Part 5 is involved, each proceeding before the court or clerk is independent of any other proceeding involving the same estate; and petitions for formal orders of the court may combine various requests for relief in a single proceeding if the orders sought may be finally granted without delay.

SDCL 29A-3-107 is derived from UPC § 3-107. The comment to UPC § 3-107 provides in part: "[w]hen resort to the judge is necessary or desirable to resolve a dispute or to gain protection, the scope of the proceeding if not otherwise prescribed by the Code is framed by the petition." UPC § 3-107 cmt. (1997).[2] Further comment

---

2.     The South Dakota Legislature did not adopt the comments to the UPC and thus the comments are not statutorily binding on this Court. *In re Estate of*

(continued . . .)

on this issue suggests that the drafters of the UPC consciously considered the finality of probate orders. "The Chief Reporter of the Uniform Probate Code has indicated that one purpose of the Code is to avoid the result under the Model Probate Code that no order in a probate case was final until there had been full administration and closing of the estate." *In re Estate of Newalla*, 837 P.2d 1373, 1377 (N.M. Ct. App. 1992) (citing Richard V. Wellman, *The Uniform Probate Code: Blueprint for Reform in the 70's,* 2 Conn. L. Rev. 453, 464-65 n.47 (1970)).

[¶12.]     Other courts have wrestled with the determination of finality for purposes of appeal in probate matters subject to the UPC. "In an unsupervised administration, each proceeding before the court is independent of any other proceeding involving the same estate, although petitions for formal orders of the court may combine various requests for relief in a single proceeding if the orders sought may be finally granted without delay." *Investors Title Ins. Co. v. Herzig*, 785 N.W.2d 863, 871 (N.D. 2010) (citations and internal quotation marks omitted). The North Dakota Supreme Court relied on earlier cases addressing North Dakota's version of UPC § 3-107,[3] concluding that it "designates finality in an unsupervised probate proceeding as simply a matter of a concluding order on each separate

---

(. . . continued)
    *Jetter*, 1997 S.D. 125, ¶ 12 n.3, 570 N.W.2d 26, 29 n.3. Nonetheless, we have held they are helpful as guidance. *Id.* (citing *Rushmore State Bank v. Kurylas, Inc.*, 424 N.W.2d 649, 656 n.9 (S.D. 1988)).

3.    North Dakota's version of the UPC § 3-107, NDCC 30.1-12-07, is substantively identical to South Dakota's version of that section, SDCL 29A-3-107.

petition." *In re Estate of Stuckle v. Stuckle*, 427 N.W.2d 96, 103 (N.D. 1988) (Meschke, J., concurring) (cited with approval in *In re Estate of Eggl v. Bjorge*, 783 N.W.2d 36, 39 (N.D. 2010)). In *Eggl*, the North Dakota Supreme Court determined that an order of the probate court was appealable because the "order settled all of the petitioners' existing claims, and the record does not indicate any other claims" relating to those addressed in the petition. *Eggl*, 783 N.W.2d at 39.[4]

[¶13.] Faced with a similar issue, the Colorado Supreme Court endeavored to answer what constitutes a proceeding in the unsupervised administration of an estate. *Scott v. Scott*, 136 P.3d 892, 896 (Colo. 2006). That court resolved the inquiry by applying Colorado's version of UPC § 3-107. *Id.* at 897. "Once a petition is filed, it defines a proceeding. Further pleadings relating to the same subject matter, whether labeled motions or petitions, are part of the same proceeding. When the subject matter of two petitions overlap, it would generally be appropriate to consider both petitions as belonging to the same proceeding." *Id.* (quoting *In re Estate of Newalla,* 837 P.2d 1373, 1377 (N.M. Ct. App. 1992)).[5] After considering the finality of a probate court's order in light of the relevant statute, the Colorado Supreme Court determined that "an order of the probate court is final if it ends the particular action in which it is entered and leaves nothing further for the court

---

4. It is worth noting that "claims" as that term is used in *Eggl*, refers to issues raised in a petition rather than specific claims to the assets of an estate. *See Eggl*, 783 N.W.2d at 39 (holding that an order "determin[ing] the general distribution of the residuary estate" was appealable).

5. SDCL 29A-3-107 is substantively identical to Colorado's version of UPC § 3-107.

pronouncing it to do in order to completely determine the rights of the parties as to that proceeding." *Id.* at 896.

[¶14.]     Citing the *Scott* case quoted above, as well as cases from North Dakota and New Mexico, the Arizona Supreme Court determined that an appeal would be allowed from "the final disposition of each formal proceeding instituted in an unsupervised administration." *In re Estate of McGathy v. LaPorta,* 246 P.3d 628, 631 (Ariz. 2010). *McGathy* is not entirely analogous because Arizona's rule of civil procedure defining appealable orders was amended when Arizona adopted the UPC. Arizona's applicable rule now allows appeals from a "judgment, decree or order entered in any formal proceedings under title 14." *Id.* at 630 (citing A.R.S. § 12-2101(J)(2003)). South Dakota made no such adjustment to its rules of civil procedure. Neither are the analogous rules of civil procedure from Colorado and North Dakota regarding appealable orders identical to South Dakota's. But the court in *Scott* operated under a definition of a final judgment similar to that used in South Dakota. "In other civil matters we have consistently held that a 'final judgment is one which ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding.'" *Scott,* 136 P.3d at 895 (citation omitted).

[¶15.]     The analysis from these other courts is persuasive. "[W]e are statutorily mandated to interpret uniform laws such as the UPC 'to effectuate its general purpose to make uniform the law of those states which enact it.'" *Estate of Karnen,* 2000 S.D. 32, ¶ 8, 607 N.W.2d 32, 35 (citing SDCL 2-14-13) (additional

citations omitted). In this case, Leo petitioned for removal of the current personal representative and supervised administration of the estate. Assuming this petition frames the scope of the proceeding, the court's order resolved all the issues. While the court's order set a date for a hearing on approval of the distribution, final approval was not a part of the "proceeding" (as that term is used in the UPC) initiated by Leo's petition. Therefore, the order denying Leo's petition was a final order from which appeal could be taken. The Estate's motion to dismiss on this ground is denied.

[¶16.]    **2.    Whether all the parties were served with notice of appeal.**

[¶17.]    The Estate also moves this Court to dismiss this appeal because Leo did not serve the notice of appeal on any party other than the Estate. The Estate argues that Leo needed to serve notice upon all parties to the probate proceeding, namely, the heirs. The Estate cites SDCL 15-26A-4(3): "The appellant, or his or her counsel, shall serve the notice of appeal and docketing statement on counsel of record of each party other than appellant, or, if a party is not represented by counsel, on the party at his or her last known address." "Failure to serve a notice of appeal on a party before the time for taking an appeal has expired is fatal to the appeal and requires its dismissal." *In re Reese Trust*, 2009 S.D. 111, ¶ 14, 776 N.W.2d 832, 836.

[¶18.]    "Typically, the parties to a case can be identified by referring to the parties named in the captions on the pleadings and other formal legal documents filed in the proceeding. This is not necessarily true, however, in a case such as this

captioned 'In the Matter of[.]'" *Id.* ¶ 6, 776 N.W.2d at 833-34. Among the lessons from *Reese* was that when parties to a case cannot be readily identified, the substantive law on parties in the relevant type of proceedings "must be consulted to identify the parties" upon whom service must be made. *Id.* The issue is whether the heirs are parties that must be served with the notice of appeal.

[¶19.] The UPC does not specifically address service of notice of appeal in probate proceedings. However, the UPC addresses application of the rules of appellate procedure as follows: "Unless specifically provided to the contrary in this code or unless inconsistent with its provisions, the rules of civil procedure, including the rules concerning vacation of orders and *appellate review*, govern formal proceedings under this code." SDCL 29A-1-304 (emphasis added). We therefore examine who was required to be served under the general service of notice of appeal statute, SDCL 15-26A-4(3). SDCL 15-26A-4(3) provides that, "[t]he appellant, or his or her counsel, shall serve the notice of appeal and docketing statement on counsel of record of each party other than appellant, or, if a party is not represented by counsel, on the party at his or her last known address."

[¶20.] Leo argues that the individual heirs of the Estate were not parties to this proceeding. He also relies on SDCL 15-26A-4(3). Leo asserts that the other heirs would not be adversely affected if the circuit court's order was reversed or modified. Leo is incorrect on both arguments.

[¶21.] First, the other heirs are parties to the proceeding involving Leo's petition for supervised administration and removal of the personal representative. There is no doubt that the other heirs were served with other pleadings related to

this petition. Under SDCL 29A-1-401(a), in estate litigation notice of any petition must be given to "any interested person."[6] The heirs potentially had a financial stake depending on the outcome of Leo's petition. Claims that the power-of-attorney diverted funds and that the personal representative made potentially inappropriate payments to herself could affect the amount of the estate available to the heirs. Moreover, all the heirs had the opportunity to join in Leo's petition and did not do so. Although this statute does not specifically address notice of appeal, it provides an indication that heirs, as "interested persons," need to be given notice of developments related to Leo's petition for supervised administration and removal of the personal representative.

[¶22.] Second, SDCL 15-26A-4(3) does not require that notice of appeal only be served on "adverse" parties. It requires service on "each party." Whether the other heirs were adversely affected is not the standard.

[¶23.] From the record, it is apparent that the heirs are parties to this proceeding. Under SDCL 15-26A-4(3), notice of appeal must be served on the heirs. Because failure to serve notice of appeal to all parties is jurisdictionally fatal, this appeal must be dismissed.

---

6. SDCL 29A-1-401(a) provides: "If notice of a hearing on any petition is required and except for specific notice requirements as otherwise provided, the petitioner shall cause notice of the time and place of hearing of any petition, together with a copy of the petition, to be given to any interested person or the person's attorney if the person has appeared by attorney or requested that notice be sent to an attorney."

**CONCLUSION**

[¶24.]     Leo appealed from a final appealable order.  However, the Estate's motion to dismiss the appeal is granted because not all of the heirs were served with notice of the appeal.

[¶25.]     KONENKAMP, ZINTER, SEVERSON, and WILBUR, Justices, concur.