#26870-a-DG
**2014 S.D. 54**

IN THE SUPREME COURT

OF THE

STATE OF SOUTH DAKOTA

* * * *

IN THE MATTER OF THE
ESTATE OF ELLA BERNADETTE RICARD,
DECEASED.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT
MEADE COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE JEROME A. ECKRICH, III
Judge

* * * *

JEFFREY R. CONNOLLY
Gunderson, Palmer, Nelson
 & Ashmore, LLP
Rapid City, South Dakota

        and

JASON L. REED
Norton, Wasserman, Jones & Kelly, LLC
Salina, Kansas                          Attorneys for appellant
                                        Renee Laas.


MARLI A. SCHIPPERS
KURT E. SOLAY
ROBERT J. GALBRAITH
Nooney Solay & Van Norman, LLP
Rapid City, South Dakota                Attorneys for appellee
                                        Personal Representative of the
                                        Estate, Kelly Ricard.
                    * * * *

                                        CONSIDERED ON BRIEFS
                                        ON MAY 27, 2014
                                        OPINION FILED **07/23/14**

GILBERTSON, Chief Justice

[¶1.]        Appellant Renee Laas appeals from a circuit court order denying her Petition to Set Aside Informal Probate and Declare Intestacy.  Laas argues that although the estate was completely settled by an order of the circuit court, the will in question was never formally probated.  Accordingly, Laas asserts that SDCL 29A-3-401 and SDCL 29A-3-108 allow her to file a petition to set aside informal probate and declare intestacy, without regard to the final order that declared the will valid and completely settled the estate.  We affirm.

## FACTS AND PROCEDURAL HISTORY

[¶2.]        Ella Ricard passed away on August 4, 2010.  She was survived by five children: Kelly Ricard, Mederic Ricard, Renee Laas, Anna Marsden, and Racette Cuzzort.  Ella left behind a Last Will and Testament, dated March 10, 2003.  The will named Ella's son, Kelly Ricard, as the personal representative of the estate and as the sole devisee.

[¶3.]        On September 29, 2010, Kelly filed an Application for Informal Probate and Appointment of Personal Representative.  The Clerk of the Fourth Judicial Circuit signed the Clerk's Statement of Informal Probate and Appointment of Personal Representative the same day and issued Letters of Personal Representative appointing Kelly as the personal representative of the estate.  Kelly provided notice of the informal probate and appointment of personal representative to Ella's surviving children.

[¶4.]        On February 24, 2012, Kelly filed an inventory of the estate.  The inventory listed the sole asset of the estate as a 48.14% interest in Ricard Ranch

Limited Partnership. On the same day, Kelly filed a Petition for Complete Settlement After Informal Probate Proceedings (Petition for Complete Settlement). Notice was given to each of Ella's heirs and proof of notice was filed with the circuit court. The Petition for Complete Settlement requested the circuit court to determine the will to be valid, determine the heirs of the decedent, approve an accounting of the estate, distribute Ella's limited partnership interest in Ricard Ranch Limited Partnership to Kelly, and set conditions of the termination and discharge of Kelly as personal representative.

[¶5.] On March 16, 2012, Laas filed a Notice of Appearance through counsel and filed a Motion to Continue Petition for Complete Settlement After Informal Probate Proceedings. Laas also filed an affidavit with the circuit court alleging, among other things, that Kelly "unduly influenced and coerced" Ella to rewrite her will. The hearing on the Petition for Complete Settlement was continued to June 19, 2012, to give Laas time to conduct discovery regarding her allegations of undue influence. Laas conducted no discovery, and filed no objections to the Petition for Complete Settlement. A hearing was conducted on the Petition for Complete Settlement as rescheduled on June 19, 2012. The circuit court entered an Order for Complete Settlement, Determination of Heirs, and Adjudication of Testacy (Order for Complete Settlement) on July 9, 2012.

[¶6.] The Order for Complete Settlement detailed the above procedural facts, including the fact that no written objections to the Petition for Complete Settlement were ever filed by Laas. The order declared the will valid and unrevoked. It named Racette Cuzzort, Renee Laas, Anna Marsden, Kelly Ricard,

and Mederic Ricard as heirs of the decedent. The order also directed the personal representative to distribute Ella's partnership interest in Ricard Ranch Limited Partnership to Kelly as directed in the will. The order terminated the appointment of Kelly as the personal representative and discharged him from his duties. A Notice of Entry of Order for Complete Settlement, Determination of Heirs, and Adjudication of Testacy was served on all interested parties. Laas did not file an appeal from the Order for Complete Settlement.

[¶7.] On August 2, 2013, Laas filed a Petition to Set Aside Informal Probate of Will and Determine Intestacy, again alleging undue influence. In the petition, Laas asserted that SDCL 29A-3-401, in conjunction with SDCL 29A-3-402, permitted Laas to petition to set aside the prior probate, within three years of the decedent's death. Ricard responded that the estate was formally closed by the Order for Complete Settlement and that the order was conclusive as to the validity of the will. A hearing on Laas's petition was held on October 8, 2013. After the hearing the circuit court determined that the Order for Complete Settlement was final and appealable and that Laas had failed to appeal the order. The circuit court denied Laas's Petition to Set Aside Informal Probate and Determine Intestacy. On appeal, Laas asks us to determine whether a petition to set aside informal probate, under SDCL 29A-3-401, is allowed in this case despite the issuance of a final, appealable order determining the will to be valid.

**STANDARD OF REVIEW**

[¶8.] Laas's appeal raises issues of statutory interpretation. As we have stated:

> Questions of law such as statutory interpretation are reviewed by the Court de novo. . . . The purpose of statutory construction is to discover the true intention of the law which is to be ascertained primarily from the language expressed in the statute. The intent of a statute is determined from what the legislature said, rather than what the courts think it should have said, and the court must confine itself to the language used. Words and phrases in a statute must be given their plain meaning and effect. When the language in a statute is clear, certain and unambiguous, there is no reason for construction, and the Court's only function is to declare the meaning of the statute as clearly expressed. Since statutes must be construed according to their intent, the intent must be determined from the statute as a whole, as well as enactments relating to the same subject. But, in construing statutes together it is presumed that the legislature did not intend an absurd or unreasonable result.

*In re Estate of Hamilton*, 2012 S.D. 34, ¶ 7, 814 N.W.2d 141, 143 (alteration in original) (quoting *Martinmaas v. Engelmann*, 2000 S.D. 85, ¶ 49, 612 N.W.2d 600, 611).

## ANALYSIS AND DECISION

[¶9.] Laas argues that SDCL 29A-3-108 and SDCL 29A-3-401 allow an interested person to file a petition for formal administration of a will any time within three years of the decedent's death, even after a complete settlement of the estate. SDCL 29A-3-108 provides in part:

> No informal probate or appointment proceeding or formal testacy or appointment proceeding, other than a proceeding to probate a will previously probated at the testator's domicile and appointment proceedings relating to an estate in which there has been a prior appointment, may be commenced more than three years after the decedent's death, except:
> . . .
> (3) A proceeding to contest an informally probated will and to secure appointment of the person with legal priority for appointment in the event the contest is successful, may be commenced within the later of twelve months from the informal probate or three years from the decedent's death . . . .

Furthermore, SDCL 29A-3-401 provides:

> (a) A formal testacy proceeding is a proceeding conducted before the court to establish a will or determine intestacy. A formal testacy proceeding may be commenced by an interested person filing a petition as described in § 29A-3-402 requesting that the court, after notice and hearing, enter an order probating a will, an order setting aside an informal probate of a will, an order preventing informal probate of a will which is the subject of a pending application, or an order that the decedent died intestate.
>
> (b) A petition may request formal probate of a will without regard to whether the same or a conflicting will has been informally probated. A formal testacy proceeding may, but need not, involve a request for appointment of a personal representative.

Laas asserts that nothing in SDCL 29A-3-401 indicates that a petition for formal administration may only be used prior to a complete settlement. Moreover, Laas argues that the circuit court never formally probated Ella's will. Rather, Laas contends that the circuit court's Order for Complete Settlement marked the conclusion of informal probate of the will. Accordingly, Laas asserts that the circuit court should entertain her Petition to Set Aside Informal Probate and Declare Intestacy because it was filed within three years of Ella's death.

[¶10.] Conversely, Kelly argues that Ella's will was formally probated when it was declared valid during the hearing on the Petition for Complete Settlement. As such, he contends that SDCL 29A-3-401 does not allow Laas's petition. Furthermore, Kelly asserts that the Order for Complete Settlement was a final, appealable order that was conclusive as to issues raised in Laas's petition pursuant to SDCL 29A-3-1001(e). Accordingly, Kelly argues that the circuit court was correct in denying Laas's petition. We agree.

[¶11.] First, Laas asserts that Ella's will was never formally probated. Laas claims that the Order for Complete Settlement was merely the conclusion to informal proceedings, and therefore her petition was valid because SDCL 29A-3-401(b) allows such a petition "without regard to whether the same or a conflicting will has been informally probated." Laas's reliance on SDCL 29A-3-401(b) is misplaced. By the time Laas filed her petition under SDCL 29A-3-401(b), Ella's will had already been *formally* probated as to the issues contained in Laas's petition. This included a determination central to the present dispute—the validity of Ella's will.

[¶12.] Under South Dakota probate law, informal proceedings are defined by statute as those "conducted without notice to interested persons by the clerk of court." SDCL 29A-1-201(22). Conversely, formal proceedings are defined by statute as those "conducted before a judge with notice to interested persons." SDCL 29A-1-201(18). The statutory scheme in South Dakota contemplates the use of a mixture of formal and informal probate proceedings.[1] With regard to petitions for complete settlement, SDCL 29A-3-1001(c) states that the court "may enter the appropriate orders" requested by a petition for complete settlement, but only "[a]fter notice to all interested parties and hearing[.]" This requirement of notice and a hearing subjects

---

1. *See* SDCL 29A-3-302 ("Informal probate is conclusive as to all persons until superseded by an order in a formal testacy proceeding."). Generally, what may have started as an informal proceeding can transform into a formal process by filing a petition, giving notice, and having a hearing before a judge. *See* SDCL 29A-3-401(a).

petitions for complete settlement to formal proceedings, as defined by SDCL 29A-1-201(18).

[¶13.] The parties do not dispute that Kelly initiated the probate of Ella's will informally. However, Kelly's Petition for Complete Settlement, and the corresponding notice and hearing, transformed the informal nature of this process. As contemplated by SDCL 29A-3-1001(b), Kelly's Petition for Complete Settlement requested a determination of testacy status and heirs, approval of accounting, and final settlement and distribution of the estate. The Petition for Complete Settlement requested a hearing on those issues. The hearing held pursuant to the petition was a formal probate proceeding, because it was before a judge, with notice given to interested parties as to the matters to be determined—including the validity of the will. *See* SDCL 29A-1-201(18). Additionally, the Petition for Complete Settlement met all the requirements of a petition for formal probate of a will.[2] Accordingly, we conclude that the will was formally probated. As such, SDCL

---

2. SDCL 29A-3-402 provides in pertinent part:
> (a) Petitions for formal probate of a will, or for adjudication of intestacy with or without request for appointment of a personal representative, shall be directed to the court, request a judicial order after notice and hearing and contain further statements as indicated in this section.
> (b) A petition for formal probate of a will shall:
>> (1) Request an order determining the heirs and the testacy of the decedent in relation to a particular instrument which may or may not have been informally probated;
>> (2) Contain the statements required for informal applications as stated in the six paragraphs under subsection 29A-3-301(a)(1), the statements required by paragraphs (ii) and (iii) of subsection 29A-3-301(a)(2); and
>> (3) State whether the original of the last will of the decedent is in the possession of the court or accompanies the petition.

(continued . . .)

29A-3-401(b) does not permit Laas's Petition to Set Aside Informal Probate and Declare Intestacy.

[¶14.] Laas also alleges that the pleadings failed to indicate that the estate was being handled through a formal process. She emphasizes that the title of the document filed by Ricard indicated that it was a petition for complete settlement after *informal* administration. Laas's argument exalts form over substance. *See Schwartz v. First Nat'l Bank in Sioux Falls*, 390 N.W.2d 568, 570 (S.D. 1985) (citations omitted) ("[T]he character of an action is ordinarily determined by the substance of the whole statement and the nature of the grievance, rather than the form of the pleading."). Although Kelly's petition was entitled, "Petition for Complete Settlement After Informal Probate Proceedings," the body of the petition indicated that Kelly was requesting a formal proceeding. The petition requested the circuit court to determine the testacy status and distribution of the estate "after notice and a hearing." Laas was provided a copy of the Petition for Complete Settlement and given notice of the hearing. Accordingly, we are not convinced that the interested parties were unaware of the formal nature of the proceedings.

[¶15.] Finally, Laas argues that SDCL 29A-3-401 must be interpreted to allow a petition to set aside an informal probate and declare intestacy in this case, because a party in Laas's position has no other way of challenging a will once a

---

(. . . continued)
> The Petition for Complete Settlement in this case included all the required elements of this statute, either on the face of the petition or through reaffirmation of the Application for Informal Probate and Appointment of Personal Representative, referenced in the Petition for Complete Settlement.

personal representative has submitted a petition for complete settlement. SDCL 29A-3-1001(a) provides in part that a petition for complete settlement filed by a personal representative "shall be granted as a matter of course, but other petitions shall be granted only if there is good cause." Laas argues that under this language the circuit court could not have entertained any objection to Kelly's Petition for Complete Settlement or the Order for Complete Settlement because the circuit court was bound "as a matter of course" to grant Kelly's petition.

[¶16.] Laas fails to point to any place in the record where Laas attempted to object to the petition for complete settlement, but was precluded from doing so because of SDCL 29A-3-1001(a). Laas is also unable to cite any South Dakota decision supporting her conclusion that the statute prevented her from raising an objection.[3] Nevertheless, Laas argues a hypothetical: that she would have been prevented from raising an objection to the Petition for Complete Settlement had she attempted to do so. "We do not answer hypothetical questions or dispense advisory opinions." *Metro. Life Ins. Co. v. Kinsman*, 2008 S.D. 24, ¶ 10, 747 N.W.2d 653, 658 (citation omitted). Furthermore, "[w]e have repeatedly stated that we will not address for the first time on appeal issues not raised below." *Casey Ranch Ltd. P'ship v. Casey*, 2009 S.D. 88, ¶ 5 n.1, 773 N.W.2d 816, 819 n.1 (citation and quotation omitted). Laas did not raise any timely opposition to the Petition for

---

3. Laas points to case law from other jurisdictions holding that opposition to a petition for complete settlement is an inappropriate vehicle to challenge the validity of a will and that an order of final settlement does not preclude the contest of a will. *See Estate of Ulrickson*, 704 A.2d 344 (Maine 1997); *Foley v. O'Donaghue*, 77 N.E. 352 (Ind. 1906). However, these cases were not interpreting South Dakota law, nor has this Court adopted the reasoning of these cases.

Complete Settlement before the circuit court. Accordingly, we decline to address whether SDCL 29A-3-1001(a) would preclude an interested party from objecting to a petition for complete settlement filed by a personal representative.

## CONCLUSION

[¶17.] We conclude that the estate in this case was completely settled and closed in a formal probate proceeding. Because Laas had notice of this proceeding, the Order for Complete Settlement is conclusive as to her claims, including the circuit court's determination that the will submitted to probate was valid. Accordingly, the circuit court did not err when it denied Laas's Petition to Set Aside Informal Probate and Declare Intestacy. We affirm.

[¶18.] KONENKAMP, ZINTER, SEVERSON, and WILBUR, Justices, concur.