#28430-dismiss-GAS
**2018 S.D. 35**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

ESTATE OF STANTON W. FOX, Deceased.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
CODINGTON COUNTY, SOUTH DAKOTA
* * * *
THE HONORABLE ROBERT L. SPEARS
Judge
* * * *

JASON KW KRAUSE
MATTHEW J. ABEL of
The Krause Law Firm, P.C.
Sioux Falls, South Dakota                    Attorneys for appellant Lynelle
                                             Herstedt.


JAMES C. ROBY
NANCY L. OVIATT of
Green Roby Oviatt LLP
Watertown, South Dakota                      Attorneys for appellee Kelly
                                             Fox.


THOMAS F. BURNS
Watertown, South Dakota                      Attorney for appellee Steven
                                             Fox.

RORY KING of
Bantz, Gosch & Cremer, LLC
Aberdeen, South Dakota                       Attorneys for appellee Melanie
                                             Morrow.

* * * *

CONSIDERED ON BRIEFS
ON JANUARY 8, 2018
OPINION FILED **04/25/18**

SEVERSON, Justice

[¶1.]		After Stanton W. Fox passed away, his long-time girlfriend Lynelle Herstedt filed an application for informal probate and for appointment as personal representative. The day after the clerk of courts issued the letters of appointment and statement admitting the will to informal probate, the circuit court entered an order revoking them. Lynelle appeals. Because the circuit court's order is not a final order from which an appeal can be taken, we dismiss Lynelle's appeal.

## Background

[¶2.]		Stanton passed away on September 15, 2017. Prior to his death and for over twenty years, Stanton had been in a relationship with Lynelle. The two never married but had been engaged to be married for over three years prior to Stanton's death. Stanton had no children at the time of his death.

[¶3.]		On October 11, 2017, Lynelle filed an "Application for Informal Probate and Appointment of Personal Representative In Testacy" with the Codington County Clerk of Court's Office. She included a supporting affidavit stating that Stanton died with a will dated January 7, 2016, and that the will nominated her as personal representative. Lynelle attached a copy (not the original) of the January 2016 will with the application and requested that she be appointed personal representative of Stanton's estate.

[¶4.]		Based on Lynelle's application and affidavit, the Codington County Clerk entered a "Clerk's Statement of Informal Probate and Appointment of Personal Representative" on October 11, 2017. On October 12, 2017, Stanton's brother Kelly Fox learned of Lynelle's appointment as personal representative. On

the same day and through his counsel, Kelly petitioned the circuit court to revoke Lynelle's letters of personal representative and the clerk's statement. Kelly alleged that Lynelle's appointment was invalid because the original will was not included with the application and was not in the possession of the court as required by SDCL 29A-3-301(a)(2). Kelly's counsel included an affidavit and a proposed order revoking the letters of personal representative and clerk's statement.

[¶5.] After reviewing the petition, the circuit court entered an order—on October 12, 2017—titled: "Order Revoking Letters of Personal Representative and Clerk's Statement of Informal Probate and Appointment of Personal Representative." The order revoked the letters appointing Lynelle as personal representative and directed that upon her receipt of notice of the order, Lynelle "shall cease all action as Personal Representative." Neither Lynelle nor her counsel had been advised of Kelly's petition prior to the court's order. On October 12, 2017, Lynelle's counsel was served electronically with the circuit court's order and the affidavit of Kelly's counsel.

[¶6.] After learning that the letters had been revoked, counsel for Lynelle sent an email to the circuit court and counsel for Kelly requesting that the circuit court reinstate the letters appointing her personal representative and reinstate the clerk's statement. The court responded in an email, stating, "I will not proceed any further on any issues on this matter until the hearing wherein all sides will be heard on all issues. In the meantime, the letters of personal representative issued yesterday remain revoked."

[¶7.]    On October 12, 2017, Kelly learned that an attorney from Watertown, South Dakota, had provided legal services to Stanton and that the attorney had located Stanton's original handwritten revocation of wills dated May 18, 2016. On October 13, 2017, Kelly filed a "Petition for Adjudication of Intestacy, Determination of Heirs, and Appointment of Personal Representative." On October 17, 2017, Stanton's brother Steven Fox filed a petition similar to Kelly's, seeking to be appointed as personal representative. After Lynelle filed this appeal, Stanton's sister, Melanie, filed a petition in circuit court similar to the petitions filed by Kelly and Steven. The circuit court did not hold further proceedings as it related to Stanton's estate or to the appointment of a personal representative because of this appeal.

[¶8.]    On appeal, Lynelle states one issue for our review: Whether the circuit court erred when it revoked the letters of appointment and the clerk's statement of informal probate and appointment of personal representative without giving Lynelle notice or an opportunity to be heard as required by SDCL 29A-3-611 and SDCL 29A-3-307(b).

## Analysis

[¶9.]    We first address whether appellate jurisdiction exists from the circuit court's order. According to Kelly, the circuit court's order was not a judgment or order from which an appeal may be taken. In particular, Kelly claims that Lynelle may still petition for formal appointment as personal representative of Stanton's estate, at which time Lynelle would have an opportunity to be heard on the issue.

[¶10.]        SDCL 15-26A-3 identifies the judgments and orders from which appeals may be taken.  Lynelle's notice of appeal asserted that this Court has appellate jurisdiction under SDCL 15-26A-3(2) because, in her view, the circuit court entered a final order affecting her substantial rights, which in effect determined the action and prevented a judgment from which an appeal may be taken.  In *In re Estate of Geier*, we examined what constitutes a final order in a probate proceeding.  2012 S.D. 2, ¶¶ 10-14, 809 N.W.2d 355, 357-59.  We recognized that under our previous case law, a final order is one that finally disposes of the entire proceeding.  *Id.* ¶ 10 (quoting *In re Estate of Lingscheit*, 387 N.W.2d 738, 740 (S.D. 1986)).  We, however, determined that "[t]he relevant provisions of the UPC [(Uniform Probate Code)] suggest a more expansive determination of the finality of probate orders than articulated in *Lingscheit*."  *Id.*  We found the analysis from other courts persuasive.  In particular, we quoted the Colorado Supreme Court for the proposition that an order in a probate proceeding "is final if it ends the particular action in which it is entered and leaves nothing further for the court pronouncing it to do in order to completely determine the rights of the parties as to that proceeding."  *Id.* ¶ 13 (quoting *Scott v. Scott*, 136 P.3d 892, 896 (Colo. 2006)).

[¶11.]        Here, the particular action in which the circuit court's order was entered relates to the appointment of a personal representative for Stanton's estate and to the probate of Stanton's will.  The action began on October 6, 2017, when Lynelle filed an application with the clerk of courts for appointment as personal representative and for informal probate of Stanton's January 2016 will.  On October

-4-

11, 2017, the clerk of courts issued Lynelle letters of appointment and admitted Stanton's will to informal probate.

[¶12.]    We recognize that the clerk's informal appointment fully established Lynelle's "status of personal representative and the powers and duties pertaining to the office[.]" *See* SDCL 29A-3-307(b).  We further note that the clerk's statement admitting Stanton's will to informal probate was "conclusive as to all persons until superseded by an order in a formal testacy proceeding."  SDCL 29A-3-302. However, due to the matter being stayed pending this appeal, the circuit court has not yet held a hearing to determine whether the October 11, 2017 Clerk's Statement of Informal Probate and Appointment of Personal Representative is void because Lynelle failed to state, as required by SDCL 29A-3-301(a)(2)(i), that the original of the decedent's will is in the possession of the circuit court or accompanies the application.

[¶13.]    Therefore, even assuming that the circuit court was without authority to enter its order, the court has yet to finally determine the rights of the parties as it relates to the probate of Stanton's will and as it relates to the appointment of a personal representative.  Indeed, after the circuit court entered the order, it informed the parties that it did not intend to take further action "on any issues on this matter until the hearing wherein *all sides will be heard on all issues*." (Emphasis added.)  Moreover, two days after the clerk issued letters of appointment and admitted Stanton's January 2016 will to informal probate, Kelly and his siblings petitioned the circuit court to determine testacy and to appoint a personal representative.  In particular, Kelly's petition requested that the circuit court fix a

time and place for a hearing and that the court enter an order formally declaring that Stanton died intestate. Kelly served notice of his petition upon Lynelle.

[¶14.] We recently recognized that South Dakota probate law "contemplates the use of a mixture of formal and informal probate proceedings." *In re Estate of Ricard*, 2014 S.D. 54, ¶ 12, 851 N.W.2d 753, 757. Therefore, "what may have started as an informal proceeding can transform into a formal process by filing a petition, giving notice, and having a hearing before a judge." *Id.* ¶ 12 n.1. Here, regardless of the circuit court's October 12, 2017 order, Kelly's petition for formal probate commenced a formal testacy proceeding, which may involve a contested case on the validity of a will. *See* SDCL 29A-3-401 (requirements for commencing a formal testacy proceeding); SDCL 29A-3-407 (describing burdens in a contested case). Moreover, SDCL 29A-3-401(d) provides that "a previously appointed personal representative, after receipt of notice of the commencement of a formal testacy proceeding, shall refrain from exercising the power to make any further distribution of the estate during the pendency of the formal proceeding." Petitions for formal testacy may also request an order restraining a previously appointed personal representative "from exercising any of the powers of office and requesting the appointment of a special administrator." *Id.*

[¶15.] At this juncture, and in light of the fact Kelly and his siblings instituted formal testacy proceedings, we conclude that the circuit court has yet to determine whether Stanton left a valid will (as Lynelle attested) or whether (as Kelly attested) Stanton died intestate. Likewise, the court has yet to determine the appointment of a personal representative, including whether Lynelle should be

appointed. Therefore, under the circumstances, the circuit court's order revoking the letters of appointment and clerk's statement did not end "the particular action in which it [was] entered and leave[] nothing further for the court pronouncing it to do in order to completely determine the rights of the parties as to that proceeding." *Estate of Geier*, 2012 S.D. 2, ¶ 13, 809 N.W.2d at 358 (quoting *Scott*, 136 P.3d at 896).

[¶16.] Until further proceedings determine the rights of the parties as it relates to the appointment of a personal representative and to the probate of Stanton's will, this Court does not have appellate jurisdiction under SDCL 15-26A-3(2).

[¶17.] Dismissed.

[¶18.] GILBERTSON, Chief Justice, and ZINTER, KERN, and JENSEN, Justices, concur.