#30590, #30604-dismiss-MES
**2024 S.D. 55**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

IN THE MATTER OF THE
ESTATE OF FRED AGER,
Deceased.
* * * *

ORIGINAL PROCEEDING

* * * *

ERIC SCHLIMGEN
SPENCER R. PROSEN of
Schlimgen Law Firm
Spearfish, South Dakota                    Attorneys for appellant Linda
                                           Ager Coyle.


ERIN MELLING of
Melling & Roseland Law, P.C.
Belle Fourche, South Dakota

RICHARD A. PLUIMER
Spearfish, South Dakota                    Attorneys for appellee Arlene
                                           Ager.


                            * * * *


                                           CONSIDERED ON BRIEFS
                                           MAY 10, 2024
                                           OPINION FILED **09/04/24**

#30590, #30604

SALTER, Justice

[¶1.]        The circuit court denied a personal representative's motion for confirmation of a specific devise.  She filed a notice of appeal, and we issued an order directing the parties to address the question of appellate jurisdiction.  After briefing, we stayed consideration of the merits pending our resolution of the jurisdictional issue.  We now dismiss the appeal for lack of jurisdiction.

### Factual and Procedural Background

[¶2.]        Linda Ager Coyle is the personal representative of the estate of Fred Ager.  Initially, administration of the estate was unsupervised, but on August 24, 2023, Fred's wife and beneficiary, Arlene Ager, filed a petition for supervised administration.  Shortly after, on September 5, Linda filed a motion for confirmation of a specific devise relating to the proceeds of a sale of storage units Fred had owned and sold prior to his death.  As written, Fred's will directed the units be given, in equal shares, to his children, Linda and Jeff, subject to a life estate interest in one-half of the net rental income to Arlene.[1]

[¶3.]        The circuit court held a hearing on both motions at which the parties stipulated to supervised administration.  On October 12, 2023, the court entered an order granting Arlene's motion for supervised administration.  Approximately two months later, on December 8, the court denied Linda's motion for confirmation of the specific devise.

---

1.      Linda and Jeff are Fred's children from a previous marriage.

-1-

[¶4.] Linda filed a notice of appeal challenging the circuit court's denial of her motion. Arlene, in turn, filed a notice of review seeking review of the court's earlier decision denying her motion to remove Linda as the personal representative.

[¶5.] We issued an order to show cause that directed both parties to submit briefs addressing whether the order denying the motion to confirm a specific devise was appealable. Linda asserts it is, and, in her response, she cites our decision in *In re Estate of Geier*, 2012 S.D. 2, ¶ 15, 809 N.W.2d 355, 359, where we held that each proceeding in an unsupervised administration is a final order. Because her motion was filed while the estate was still unsupervised, Linda argues that it remained a separate *Geier*-type proceeding, meaning the order denying it was appealable despite the fact that it was signed and entered well after the administration of the estate became supervised. Arlene disagrees. She asserts the December 8 order is not final and concedes that her notice of review issue is also not subject to review.

## Analysis

[¶6.] Our appellate jurisdiction is never "presumed but must affirmatively appear from the record." *Johnson v. Lebert Constr., Inc.*, 2007 S.D. 74, ¶ 4, 736 N.W.2d 878, 879 (quoting *Double Diamond Constr. v. Farmers Coop. Elevator*, 2003 S.D. 9, ¶ 6, 656 N.W.2d 744, 746). For this reason, we may properly raise the question of our authority to exercise appellate review even when the parties have not identified a jurisdictional issue. *Id.*

[¶7.] The jurisdictional issue we have identified here is one of first impression, but it is closely related to a familiar topical area. For *unsupervised*

probate actions, we recently held "that a single action can contain multiple, discrete 'proceeding[s],' each of which results in a final order." *In re Estate of Smeenk*, 2024 S.D. 23, ¶ 23, 6 N.W.3d 250, 255 (quoting *In re Estate of Petrik*, 2021 S.D. 49, ¶ 17, 963 N.W.2d 766, 770 (citing *Geier*, 2012 S.D. 2, ¶ 13, 809 N.W.2d at 359)). Our decisions in the *Geier* line of cases are based upon specific text in SDCL 29A-3-107, which states that "each proceeding before the court or clerk is independent of any other proceeding involving the same estate; and petitions for formal orders of the court may combine various requests for relief in a single proceeding if the orders sought may be finally granted without delay."

[¶8.] However, the text of SDCL 29A-3-501 relating to *supervised* probate actions, like this one, is different:

> Supervised administration is a *single in rem proceeding* to secure complete administration and settlement of a decedent's estate under the continuing authority of the court, which extends until entry of an order approving distribution of the estate and discharging the personal representative or other order terminating the proceeding.

(Emphasis added.)

[¶9.] The contrast between this "single in rem proceeding" text and the language of SDCL 29A-3-107 authorizing multiple, independent proceedings is apparent. But, beyond this, SDCL 29A-3-107 also contains a subordinate clause which specifically conditions its applicability on the absence of a supervised probate action. *See* SDCL 29A-3-107 ("Unless supervised administration as described in Part 5 is involved, . . . .").

[¶10.] We noted these textual distinctions between SDCL 29A-3-501 and SDCL 29A-3-107 earlier this year in *Smeenk*. 2024 S.D. 23, ¶ 23 n.7, 6 N.W.3d at

255 n.7. However, we stopped short of "express[ing] an opinion on whether the *Geier* final order rule applies to orders made within a supervised probate action." *Id.*

[¶11.]      Here, however, this question is squarely presented, and we now hold that a decision made prior to a final order terminating a supervised probate action is not governed by *Geier's* individual proceeding finality rule. This conclusion necessarily follows from the key textual differences between the unambiguous provisions of SDCL 29A-3-107 and SDCL 29A-3-501 described above. *See Healy Ranch, Inc. v. Healy*, 2022 S.D. 43, ¶ 29, 978 N.W.2d 786, 795 ("When the language in a statute is clear, certain, and unambiguous, there is no reason for construction, and this Court's only function is to declare the meaning of the statute as clearly expressed." (citation omitted)). The North Dakota Supreme Court reached the same result based upon its comparable, Uniform Probate Code-based statutes. *See In re Estate of Starcher*, 447 N.W.2d 293, 296 (N.D. 1989) ("In a supervised administration, an order entered before approval of distribution of the estate and discharge of the personal representative is not final and cannot be appealed without a Rule 54(b) certification.").

[¶12.]      But even with this rule for supervised probate actions, the resolution of the specific jurisdictional question here requires us to consider a peculiar factual feature. The resolution of Linda's motion straddles the temporal line between unsupervised to supervised administration, and, as a consequence, she argues that because her motion was *filed* prior to the supervised administration order, the order denying her motion is a *Geier*-type final order.

[¶13.] Invoking *Geier*, Linda claims her first-in-time motion for confirmation of a specific devise "define[d]" the unsupervised proceeding, which must be allowed to run its course to completion without regard to an intervening order granting supervised administration. 2012 S.D. 2, ¶ 13, 809 N.W.2d at 359 (quoting *Scott v. Scott*, 136 P.3d 892, 896 (Colo. 2006)). But *Geier* does not support this fixed or permanent proceeding theory. *Geier* involved only unsupervised administration of an estate, and we did not address the question whether an individual unsupervised estate proceeding extends into an estate that becomes supervised during the pendency of the case.

[¶14.] And, further, accepting Linda's argument about the lingering effect of pre-supervised administration motions that are decided after supervision creates perceptible tension between SDCL 29A-3-107 and SDCL 29A-3-501, which appear to contemplate mutual exclusivity. Indeed, SDCL 29A-3-107 is expressly conditioned upon the absence of supervised administration.

[¶15.] Here, the undisputed procedural sequence of events demonstrates that the order for supervised administration was signed before the circuit court's order denying Linda's motion for confirmation of a specific devise. *See* SDCL 15-6-58 ("A judgment or order becomes complete and effective when reduced to writing, signed by the court or judge, attested by the clerk and filed in the clerk's office."). Under the circumstances, the action had become a supervised administration and a single

in rem proceeding not subject to *Geier's* individual-proceeding rule of finality. We therefore dismiss Linda's appeal and, likewise, Arlene's notice of review.[2]

[¶16.] JENSEN, Chief Justice, and KERN, DEVANEY, and MYREN, Justices, concur.

---

2. We lack jurisdiction to consider Arlene's notice of review issue for an additional reason. Arlene's current effort to seek review of the circuit court's decision denying her motion to remove Linda as the personal representative was also the subject of an earlier appeal in #30501 that occurred *before* the court ordered supervised administration, making it a *Geier*-type appeal. However, we dismissed that appeal upon Linda's motion because Arlene did not serve her notice of appeal on all the interested parties. Arlene cannot, therefore, seek to revive that appeal here.